**STATE of Minnesota, Respondent,**

v.

**James CHIDESTER, Appellant.**

No. C4-85-943.

Court of Appeals of Minnesota.

Jan. 28, 1986.

Review Denied March 21, 1986.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, HUSPENI and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant James Chidester was charged in Sherburne County District Court with twenty-four counts of theft and two counts of aggravated forgery stemming from his misappropriation of funds belonging to Viola Chidester between April 16, 1983 and December 5, 1983. Following a court trial, appellant was found guilty of twelve counts of theft and two counts of aggravated forgery. Appellant contests the imposition of fourteen sentences on the grounds that it violates Minn. Stat. § 609.035 and that it unfairly exaggerates the criminality of his conduct. We affirm.

## FACTS

The facts are undisputed. Viola Chidester is appellant's mother. Appellant had been handling Viola Chidester's financial affairs because of her advanced age and failing health. Appellant, who resided in Isle, Minnesota, made regular trips to his mother's home in Big Lake, an eighty-five mile trip. This resulted in a diminished earning capacity for appellant as well as an increased financial burden. He was self-employed at the time, selling striping for cars. Appellant also received welfare assistance from Mille Lacs County to help support his wife and two children. In July 1983, appellant and his family moved to Mora to enable Viola Chidester to live in a trailer on appellant's property. During this time, appellant continued to experience serious financial difficulties.

From April 1983 through November 1983, appellant misappropriated funds belonging to Viola Chidester. Appellant admitted at trial that Viola Chidester gave him blank checks to pay her bills or to reimburse him for his expenses for taking

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John E. MacGibbon, Sherburne Co. Atty., Richard D. Clough, Asst. Co. Atty., Elk River, for respondent.

care of her. The checks were signed by Viola Chidester but the name of the payee and the amount of the check were left blank. On twelve separate checks, appellant wrote his name as payee and increased the amount of the check to above the amount he had written into Viola Chidester's check ledger. Appellant cashed the checks and then paid Viola Chidester's bills with cash or money orders. He used the excess money primarily to cover his own expenses and also continued to take care of his mother.

To prevent Viola Chidester's bank balance from becoming overdrawn, appellant telephoned Piper, Jaffray and Hopwood, a brokerage firm, on September 12, 1983 and on December 5, 1983 and received checks from them made payable to Viola Chidester. He forged her name on the back of the checks and deposited them in her account but did not enter the deposits in the check ledger.

In December 1983, Viola Chidester discovered canceled checks in an amount greater than that entered in her check ledger. When appellant was confronted, he readily admitted that he had misappropriated his mother's funds and agreed to make restitution to his mother. Appellant also stopped drinking and began counseling with a clinical psychologist.

In imposing sentence upon appellant, the trial court imposed fourteen concurrent sentences ranging in length from one year and one day to twenty-one months. Appellant contends that his conduct constituted only two offenses, one theft and one forgery, and that fourteen sentences unfairly exaggerated the criminality of his conduct. Appellant requests that twelve sentences be vacated and that the remaining two sentences be modified accordingly.

## ISSUE

Did the trial court err in imposing fourteen concurrent sentences following appellant's convictions of twelve counts of theft by false representation and two counts of aggravated forgery?

## ANALYSIS

■ Minn.Stat. 609.035 (1984) provides in pertinent part as follows:

[I]f a person's conduct constitutes more than one offense under the laws of the state, he may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

The statute's purpose is "to prohibit double punishment and at the same time to insure that punishment for a single incident of criminal behavior involving a multiplicity of violations will be commensurate with the criminality of defendant's misconduct." *State v. Johnson,* 273 Minn. 394, 399, 141 N.W.2d 517, 521–22 (1966). The statute, if applicable, bars any multiple sentences, including concurrent sentences. *Langdon v. State,* 375 N.W.2d 474, 476 (Minn.1985). The following test applies in intentional crime cases to determine the applicability of the statute:

1. The conduct involved must be motivated by a desire to obtain a single criminal objective.

2. The offenses must occur at substantially the same time and place, arise in a continuous and uninterrupted course of conduct and manifest an indivisible state of mind.

*State v. Jackson,* 349 N.W.2d 358, 360 (Minn.Ct.App.1984), *aff'd in part, rev'd in part on other grounds,* 363 N.W.2d 758 (Minn.1985).

■ Appellant claims that Minn.Stat. § 609.035 allows only two concurrent sentences because all twelve convictions for theft and both convictions for aggravated forgery occurred at substantially the same time and place, arose from a continuous and uninterrupted course of conduct, were of a similar nature, were committed against the same victim, and violated the same statute. We disagree. Appellant's criminal conduct occurred over an eight-month period, and most offenses were sep-

arated by weeks or even months. Furthermore, thefts from the same victim at different times have consistently been found to constitute separate offenses for sentencing purposes. *See State v. Moore*, 340 N.W.2d 671 (Minn.1983) (eight counts of aggravated forgery based on separate acts occurring on eight different dates over a three-month period were not part of a single behavioral incident under Minn.Stat. 609.-035); *State v. Gamelgard*, 287 Minn. 74, 81, 177 N.W.2d 404, 409 (1970) ("A single course of conduct under the statute is one behavioral incident, and the theft of different checks at different times is not such a single behavioral incident.").

Appellant's argument that he had one criminal objective for the theft convictions and one criminal objective for the forgery convictions—to obtain money to cover appellant's expenses and to prevent his mother's account from being overdrawn, respectively, must also fail. Such an objective is too broad to be a single criminal goal within the meaning of the statute. The Minnesota Supreme Court concluded similarly in *State v. Eaton*, 292 N.W.2d 260 (Minn. 1980). In that case, the defendant argued that he had one large plan to swindle as much as possible. The court held that that objective was too broad within the meaning of Minn.Stat. 609.035 because the defendant planned and executed the thefts of two different checks at two separate times (three days apart). *Id.* at 267; *see also State v. Stith*, 292 N.W.2d 269, 272 (Minn. 1980) (separate sentences on convictions of theft by swindle from same victim motivated by single goal to swindle as much as possible constitute separate behavioral incidents); *cf. Langdon v. State*, 375 N.W.2d 474, 476 (Minn.1985) (multiple punishment improper because defendant's ultimate overall objective was "to steal as much money as he could that afternoon from the coin boxes on the washers and dryers in the several laundry rooms within the apartment complex"). Because appellant's conduct occurred over an eight-month period and was not motivated by a single criminal objective, we hold that Minn.Stat. § 609.035 is inapplicable.

 Appellant's final argument is that the imposition of fourteen sentences unfairly exaggerated the criminality of appellant's conduct. "The general rule in Minnesota * * * is that this court will not re-evaluate a sentence if the trial court's discretion has been properly exercised and the sentence is authorized by law." *Eaton*, 292 N.W.2d at 267. Because appellant consciously and intentionally perpetrated fourteen separate acts in violation of two statutes against two victims over an eight-month period, we find no error in the trial court's imposition of a concurrent sentence for each of fourteen counts.

## DECISION

The trial court did not err in imposing fourteen concurrent sentences following appellant's convictions of twelve counts of theft by false representation and two counts of aggravated forgery.

Affirmed.