STATE of Minnesota, Respondent,

v.

**Kathryn L. GUNDERSON, Appellant.**

No. C5-87-387.

Court of Appeals of Minnesota.

June 16, 1987.
Review Granted Aug. 19, 1987.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and FOLEY, and LESLIE, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant seeks a reduction in her sentence to the presumptive sentence under the guidelines, asserting that such a reduction is required because the trial court failed to provide reasons for the departure. We reverse.

## FACTS

This is a sentencing appeal pursuant to Minn.R.Crim.P. 28.05. Appellant was charged in Hennepin County with one count of theft by false misrepresentation and four counts of theft by swindle. Minn. Stat. § 609.52, subds. 2(3)(c), 2(4) (1984). On January 3, 1986, pursuant to a plea agreement, appellant pleaded guilty to two counts of theft by swindle and one count of false misrepresentation. The plea agreement provided for both a probationary sentence and a doubling of the stayed presumptive sentence. In exchange, the prosecution agreed to dismiss the remaining two theft charges.

At the sentencing hearing in March 1986, the trial court ordered restitution, stayed imposition of sentencing on all three convicted counts, and placed appellant on probation for a period of five years.

On December 15, 1986, appellant entered a plea of guilty in Dakota County District Court to financial transaction card fraud. Appellant reappeared in Hennepin County District Court on December 29, 1986, and admitted to having violated the conditions of her Hennepin County probation. The trial court revoked appellant's probationary status and sentenced her to concurrent prison terms of two years and two days for one conviction of theft by swindle, twenty-six months for the second conviction of theft by swindle, and twenty-six months for conviction of theft by false misrepresentation. Each sentence represented a double durational departure from the guideline's presumptive sentence. The trial court failed to provide any reasons, either oral or written, to support the departures.

## ISSUE

Is appellant entitled to a reduction in her sentences to the presumptive sentence under the guidelines?

## ANALYSIS

In 1985, the Minnesota Supreme Court established a set of prospective rules to ensure that trial courts comply with the guidelines departure report requirement. *See Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). These rules govern appellate review of departures from the sentencing guidelines. In *Williams,* the supreme court announced that "[if] no reasons for departure are stated on the record at the time of sentencing, no departure will be allowed." *Id.* This court has reversed sentencing departures under *Williams* even where a sentencing departure report was eventually filed, but not filed within the 60–day period recommended by the supreme court. *See State v. Pendzimas,* 379 N.W.2d 247, 248 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Mar. 14, 1986) (departure report filed four months after sentencing and two days after appellants filed their brief). Because the trial court failed to give reasons for the departure, *Williams* requires this court to reverse the departure and impose the presumptive sentence.

The State presents various arguments for overturning *Williams.* We will not

elaborate on these arguments because the action they urge upon us is not within our authority. Minn.Ct.App.Internal R. 1 ("Only where there are no statutory or judicial precedents to follow will the Court of Appeals make new law").

Respondent also requests this court to recognize an exception to the *Williams* rule. Specifically, respondent argues that a defendant who agrees to a sentencing departure should be bound by that agreement even though the trial court provides no reasons for the departure.

■ Respondent's argument fails to recognize that sentencing authority rests solely with the trial court. *See State v. Garcia,* 302 N.W.2d 643, 647 (Minn.1981); *Pendzimas,* 379 N.W.2d at 249; *State v. Pince,* 358 N.W.2d 435, 438 (Minn.Ct.App. 1984), *pet. for rev. denied,* (Minn. Mar. 6, 1985). As the supreme court stated in *Garcia,* "[o]nly the court, acting in accordance with the Guidelines, and not the parties, has the authority to determine the appropriate sentence." *Garcia,* 302 N.W.2d at 647. *See also Pince,* 358 N.W.2d at 438 (court of appeals concluded "this court may not rely on the * * * duration agreed to by the parties to justify a departure from the Guidelines").

■ Furthermore, the rule advocated by the State would defeat the stated purpose of the Minnesota sentencing guidelines to "establish rational and consistent sentencing standards which reduce sentencing disparity." Minnesota Sentencing Guidelines and Commentary, Statement of Purpose and Principles. Absent special circumstances, the guidelines prohibit departures from presumptive sentences. Neither party may negotiate the presumptive sentence and thereby defeat the purposes of the guidelines. *See Garcia,* 302 N.W.2d at 646–47.

Both parties dispute the presumptive guidelines sentence for appellant's three convictions. Assuming the trial court intended to use the *Hernandez* method, appellant's presumptive sentence is either thirteen months or fifteen months, depending on a determination of the order in which the offenses occurred. *See State v. Hernandez,* 311 N.W.2d 478, 480–81 (Minn. 1981) (where a trial court sentenced a defendant for multiple offenses on the same day, the court properly considered the first two convictions in determining defendant's criminal history score for a third conviction, where each offense met specified criteria). *See also* Minnesota Sentencing Guidelines Comment II.B.101 ("When multiple current offenses are sentenced on the same day before the same judge, sentencing shall occur in the order in which the offenses occurred.") We need not decide this issue because appellant is serving seventeen months for her conviction in Dakota County and these sentences run concurrently.

## DECISION

Sentencing departure is improper on this record.

Reversed.