**STATE of Minnesota, Respondent,**

v.

**Craig Alan PIERI, Appellant.**

**No. C6–90–974.**

Court of Appeals of Minnesota.

Oct. 23, 1990.

---

John M. Stuart, Public Defender, Lawrence W. Pry, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Thomas L. Johnson, Hennepin County Atty., J. Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court imposed a thirty-six month executed sentence following appellant's conviction for an offense calling for a twenty-one month presumptive sentence under the sentencing guidelines. Appellant challenges the upward departure on the grounds that the trial court recorded no reasons for the departure. We reverse and remand.

## FACTS

Appellant Craig Alan Pieri was convicted of criminal sexual conduct in the second degree in violation of Minn.Stat. § 609.343, subd. 1(g) (1988) (where actor has a significant relationship to complainant and complainant is under sixteen years old). The trial court sentenced Pieri to a thirty-six month executed term, a fifteen month upward departure from the presumptive term under the Minnesota Sentencing Guidelines. The trial court gave no reasons for the upward departure on the record at the time of sentencing and did not file a departure report with the Sentencing Guidelines Commission.

Prior to sentencing, Pieri had agreed to plead guilty to the second degree charge in exchange for dismissal of a charge that he committed first degree criminal sexual conduct toward another youth. The plea was conditioned on Pieri's acceptance into a treatment program. The agreement provided that if Pieri was not accepted into the program he could withdraw his guilty plea.

If he chose not to withdraw his plea, the state would recommend to the trial judge that Pieri be sentenced to a thirty-six month executed term.

Pieri was not accepted into the treatment program and he withdrew his guilty plea. However, he later reinstated his plea and the trial court sentenced him to a thirty-six month executed term.

Pieri, who is now incarcerated, appeals from his sentence.

### ISSUES

1. Did the trial court abuse its discretion by departing from the presumptive term of the sentencing guidelines without recording reasons for this decision?

2. On remand, if premised on stated reasons supported by the record, may the trial court sentence for a term up to the length stated in a plea agreement?

### ANALYSIS

1. A trial court has broad discretion to depart from the presumptive sentence if there are substantial and compelling circumstances. *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981). This court will not interfere with that discretion unless it is clearly abused. *State v. Casady*, 392 N.W.2d 629, 634 (Minn.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986).

■ The sentencing guidelines allow the trial court to depart from presumptive sentences, but to do so the trial court must record its reasons for departure on the record:

> When departing from the presumptive sentence, a judge must provide written reasons which specify the substantial and compelling nature of the circumstances, and which demonstrate why the sentence selected in the departure is more appropriate, reasonable, or equitable than the presumptive sentence.

Minn.Sent. Guidelines II.D. This requirement is ratified by procedural rules, which also compel the trial court to report its departure reasons to the sentencing guidelines commission. Minn.R.Crim.P. 27.03, subd. 4(C). If the trial court fails to make a record of its reasons for departure, no departure will be allowed. *Williams v. State*, 361 N.W.2d 840, 844 (Minn.1985).

■ Pieri's apparent acceptance of the departure as part of his agreement to plead guilty does not relieve the trial court of its responsibility to provide reasons for the departure on the record. The Minnesota Supreme Court explained this conclusion in *State v. Garcia*, 302 N.W.2d 643, 647 (Minn.1981):

> An attempt * * * by the parties to limit sentence duration does not create a "substantial and compelling circumstance" * * * justifying a departure from the Guidelines. Only the court, acting in accordance with the Guidelines, and not the parties, has the authority to determine the appropriate sentence.

According to the *Garcia* court, a defendant cannot "waive" the requirement that reasons for a sentencing departure be given on the record. *Garcia*, 302 N.W.2d at 647. Thus, this court has refused to allow sentencing departures even when the defendant agreed to the departure, if no reason for the departure was given on the record. *State v. Gunderson*, 407 N.W.2d 143, 145 (Minn.App.1987), *pet. for rev. granted* (Minn. Aug. 19, 1987), *order granting rev. vacated* (Minn. Sept. 16, 1987); *State v. Synnes*, 454 N.W.2d 646, 647 (Minn.App. 1990), *pet. for rev. denied* (Minn. June 26, 1990).

The trial court erred by imposing a departure without recording reasons for this action.

■ 2. Twice before, in *Gunderson* and *Synnes*, this court has reversed improper sentencing departures notwithstanding a defendant's acceptance of the departure as part of a plea agreement. In neither case did the court discuss whether the case should be remanded for resentencing and whether upon remand the trial court was permitted to reinstate a departure if at that time it identified and properly stated on the record grounds for a sentencing departure.

Except when done promptly to correct an error, it may violate constitutional restrictions on double jeopardy to increase the

severity of a sentence lawfully imposed. *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964); *State v. Montjoy,* 354 N.W.2d 567, 568 (Minn.App.1984); *see also United States v. Ford,* 632 F.2d 1354, 1380 (9th Cir.1980) (a trial court may act promptly to correct a misspoken sentence when the defendant has not started serving the sentence), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981); *Tauer v. State,* 451 N.W.2d 649, 651 (Minn.App. 1990) (a trial court's erroneous reliance on defense counsel's statements at the sentencing hearing constituted a correctable oversight when the error was discovered and corrected the same day), *pet. for rev. denied* (Minn. March 16, 1990). Here, a departure on remand would exceed the maximum lawful sentence the trial court was allowed to give without identifying departure reasons but it would not increase the trial court's original sentence. *See State v. Coe,* 411 N.W.2d 180, 182 (Minn. 1987) (Minnesota's longstanding rule against increased sentencing after appeal, founded only on principles of fairness, not offended by remand for resentencing up to a term no greater than in the sentence first imposed).

A divided United States Supreme Court has determined that when considering double jeopardy claims, finality of sentencing is accorded less consideration than finality of acquittals. *United States v. DiFrancesco,* 449 U.S. 117, 132–33, 101 S.Ct. 426, 435, 66 L.Ed.2d 328 (1980) (5–4 decision). In *DiFrancesco,* the Court held that a trial court could increase a sentence where a statute permitted the state's appeal of the sentence and the appellate court determined that the trial court had erred in its original sentence. *Id.* at 143, 101 S.Ct. at 440. The Court observed that the defendant had no right to rely on a sentence that was subject to the state's statutory right to appeal. *Id.* at 139, 101 S.Ct. at 438.

Here, Pieri has no right to rely on imposition of a sentence less than thirty-six months executed. This was the sentence the trial court imposed and Pieri agreed to in his plea agreement. He ratified the plea agreement knowing that the thirty-six month sentence would be imposed. Al-though Pieri cannot waive his right to a lawful sentence, the law does not suggest he cannot waive objection to lawful reimposition of the sentence. The trial court may depart on remand for a term no greater than imposed in its original sentence if it finds and records reasons for the sentencing departure that are adequately supported by the facts of the case.

Urging final reversal of the original sentence, appellant contends a remand conflicts with the supreme court's declaration that "no departure will be allowed" where reasons are not stated. *Williams,* 361 N.W.2d at 844. This language dictates a lawful sentence but does not address the issue of resentencing on remand. In cases where trial courts have erred in sentencing on one offense but could sustain the sentence by acting on a second companion conviction, the supreme court has repeatedly held that a lawful sentence on remand will be upheld so long as the term of sentence does not exceed the length originally imposed. *Coe,* 411 N.W.2d 180. Since *Williams* was decided, resentencing has been prohibited on appeal only where the record shows the trial court had no wish to depart from the guidelines when the sentence was first imposed. *State v. Thieman,* 439 N.W.2d 1, 7 (Minn.1989) (original departure occasioned by court's erroneous belief it was imposing the correct presumptive sentence). Here the court chose a thirty-six month sentence while having before it a sentencing worksheet showing a twenty-one month presumptive sentence.

Moreover, we are not convinced it serves the defense in criminal proceedings to discourage plea agreements by imperiling the state's confidence they will be upheld without alteration. *See Synnes,* 454 N.W.2d at 648 (Forsberg, J., concurring specially).

## DECISION

The trial court erred by departing from the presumptive guidelines without recording reasons for the departure. On remand, the trial court may impose its original sentence if it finds and states reasons for the departure. Our rationale for remand ren-

ders moot a motion for striking positions of respondent's supplementary brief.

Reversed and remanded.