**STATE of Minnesota, Respondent,**

v.

**Tijuan Donte JOHNSON, Appellant.**

No. C3–00–207.

Court of Appeals of Minnesota.

Sept. 19, 2000.

Mike Hatch, Attorney General, St. Paul, MN; and Walter M. Kaminsky, Sherburne County Attorney, Thomas C. McNinch, Assistant County Attorney, Elk River, MN (for respondent).

John D. Ellenbecker, St. Cloud, MN (for appellant).

Considered and decided by LANSING, Presiding Judge, KLAPHAKE, Judge, and PETERSON, Judge.

## OPINION

KLAPHAKE, Judge

Appellant Tijuan Donte Johnson was convicted of first-degree criminal sexual conduct and second-degree assault following a bench trial on stipulated facts, pursuant to *State v. Lothenbach,* 296 N.W.2d 854, 857 (Minn.1980). Prior to trial, appellant had moved for specific enforcement of a plea agreement from which the state had withdrawn prior to entry of a guilty plea. On appeal, he argues that the trial court erred in denying his motion to enforce the plea agreement and requests that he be allowed to plead guilty and be sentenced in accordance with the plea agreement. We affirm.

## FACTS

In June 1998, appellant was arrested after he sexually and physically assaulted a young woman and physically assaulted the woman's boyfriend in their St. Cloud apartment. The complaint charged appellant with two counts of first-degree criminal sexual conduct, two counts of second-degree assault, two counts of aggravated first-degree robbery, two counts of kidnapping, one count of first-degree burglary, and two counts of terroristic threats.

In August 1999, defense counsel and the prosecutor, an assistant county attorney, met with the trial judge in chambers. The parties reached a tentative agreement in which appellant would plead guilty to one count of first-degree criminal sexual conduct and one count of second-degree assault and would be consecutively sentenced

to 86 and 21 months, respectively, for a total of 107 months. The remaining counts were to be dismissed. According to defense counsel, the prosecutor received approval of the agreement from the county attorney and then communicated to defense counsel that "it was an official offer on the table." Defense counsel discussed the offer with appellant and communicated appellant's acceptance to the prosecutor in late August.

The parties were unable to schedule a hearing to enter the plea, however, because the trial judge was unavailable due to a death in his family. Appellant contends that the trial court endorsed the terms of the agreement at the August in-chambers meeting. In early October 1999, the prosecutor informed defense counsel that he had changed his mind and that the offer was being withdrawn.

Appellant moved to enforce the agreement. At a hearing on the motion, the assistant county attorney explained his reasons for withdrawing the offer:

> [A]t some point I realized that there exists other evidence in the case that to me made the case more potentially winnable from the State's position. I would agree it's not evidence that didn't exist before, it is evidence that I had not noticed in some of the police reports. And I think it is very strong evidence in one case, one particular piece of evidence that I had not noticed. And that went into my decision to want to withdraw from this agreement as well.
>
> I no longer thought 107 months was reasonable under the circumstances.

The trial court denied appellant's motion on the record, concluding that the parties were free to withdraw from the agreement any time before appellant appeared in court and the agreement was placed on the record and until the court had accepted the agreement. The trial court also concluded that appellant had shown no prejudice as a result of the state's withdrawal from the agreement.

The matter proceeded to trial on one count of first-degree criminal sexual con-

duct and one count of second-degree assault; the remaining counts were dismissed by the state. The court found appellant guilty of both charges and sentenced him to consecutive sentences of 172 and 36 months, for a total of 208 months. As reasons for its upward departure from the sentencing guidelines, the court cited the following aggravating factors: (1) the female victim was treated with particular cruelty; (2) a gun was involved and used to threaten both victims; (3) the assault took place over a period of time in the victims' apartment; and (4) a theft was involved.

On appeal, appellant argues that the withdrawn plea agreement is specifically enforceable.

### ISSUE

Did the trial court err in refusing to enforce a plea agreement from which the state withdrew before a plea of guilty was entered by appellant or accepted by the trial court?

### ANALYSIS

■■■■ Issues involving the interpretation and enforcement of a plea agreement are issues of law that are reviewed de novo. *State v. Brown*, 606 N.W.2d 670, 674 (Minn.2000). "What the parties agreed to," however, "involves an issue of fact to be resolved by the [trial] court." *Id.*

■■■■ The trial court here refused to enforce the plea agreement because appellant had not yet entered his guilty plea when the state withdrew from the agreement. Under normal circumstances, once the parties reach a plea agreement, the trial court must "accept or reject the plea of guilty on the term of the plea agreement." Minn. R.Crim. P. 15.04, subd. 3(1). Once a defendant enters a plea and the court accepts the plea, due process requires the court to honor the plea. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). The in-chambers meeting in which the trial judge indicated a willingness to accept the

plea agreement does not constitute acceptance of the plea under the criminal rules. *See* Minn. R.Crim. P. 15.02 (requiring questioning of defendant and explanation of plea "in open court" prior to acceptance by court).

■ Appellant argues, however, that his failure to enter a plea should not be a controlling factor because he was prevented from entering his plea by circumstances beyond his control—unavailability of the trial judge due to a death in the family. Appellant admits that there are no Minnesota cases directly on point. He does, however, cite a Maryland case in which the court bound the state to a plea agreement from which it had withdrawn after the plea hearing was rescheduled due to a time conflict involving the defense attorney. *See Kisamore v. State*, 286 Md. 654, 409 A.2d 719, 724 (1980) (holding that it was "not fair and equitable" to preclude defendant from pleading guilty).

*Kisamore* was decided prior to the Supreme Court's decision in *Mabry v. Johnson*, 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984), which held that a "plea bargain, standing alone, is without constitutional significance" and is merely "executory" until a court accepts a guilty plea. Since *Mabry*, many courts have ruled that the state may withdraw from a plea agreement before a defendant pleads guilty, provided that the defendant has not detrimentally relied on the offer. *See, e.g., State v. Crockett*, 110 Nev. 838, 877 P.2d 1077, 1079–80 (1994); *Reed v. Becka*, 333 S.C. 676, 511 S.E.2d 396, 402–04 (Ct.App.1999).

Accordingly, we hold that the state may withdraw from a plea agreement at any time before a defendant enters a guilty plea and the trial court accepts the plea, unless the defendant has detrimentally relied upon the agreement. Our holding is entirely consistent with *State v. Robledo–Kinney*, 615 N.W.2d 25 (Minn.2000). In that decision, the supreme court affirmed a district court's denial of a defendant's request for specific performance of a plea agreement withdrawn by the state prior to entry of a plea, where the parties were under a mutual mistake of fact at the time the plea agreement was offered and where the defendant did not rely on the plea agreement to his detriment. *Id.* at 30.

Here, the assistant county attorney withdrew his offer after a more thorough evaluation of the evidence, which revealed a stronger likelihood of a conviction. At that point, appellant was entirely free to go to trial or to renegotiate a new plea agreement. *Cf. Watkins v. Commonwealth*, 25 Va.App. 646, 491 S.E.2d 755, 757–58 (1997) (enforcement of plea agreement not compelled absent some performance by defendant, because defendant's right to trial by jury remains sufficient remedy to government's withdrawal from agreement). While appellant may argue that the prosecutor acted unfairly in offering a plea agreement and then withdrawing it, that argument is largely irrelevant to the issue of whether appellant should now be allowed to vacate his convictions and plead guilty according to the terms of the proposed plea agreement. *Cf. Mabry*, 467 U.S. at 511, 104 S.Ct. at 2548 (question whether prosecutor "was negligent or otherwise culpable in first making and then withdrawing his offer" not relevant, when defendant was "fully aware of the likely consequences when he pleaded guilty").

Appellant does not claim that he relied on the offer to his detriment, nor does he claim that he was prejudiced by the state's withdrawal of the offer. Because the offer was withdrawn before a guilty plea was entered by appellant or accepted by the trial court, the agreement was still executory and dependent upon entry of appellant's guilty plea.

## DECISION

We affirm the trial court's denial of appellant's motion for specific enforcement of the plea agreement.

**Affirmed.**