**STATE of Minnesota, Respondent,**

v.

**Tijuan Donte JOHNSON, Appellant.**

No. C7–02–960.

Court of Appeals of Minnesota.

Nov. 26, 2002.

648

Mike Hatch, Attorney General, St. Paul, MN; and Walter M. Kaminsky, Sherburne County Attorney, Thomas C. McNinch, Assistant County Attorney, MN, for respondent.

Tijuan Donte Johnson, Moose Lake, MN, pro se appellant.

Considered and decided by HUDSON, Presiding Judge, PETERSON, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

Appellant challenges the district court's double durational upward sentencing departure from the presumptive sentence and the court's imposition of consecutive sentences for offenses committed during the same behavioral incident. Because the district court's findings were sufficient to depart from the presumptive sentence, we affirm this ruling. But we reverse and vacate appellant's sentence for second-degree assault because the district court impermissibly sentenced appellant for multiple offenses committed against the same victim during a single behavioral incident.

## FACTS

On June 14, 1998, appellant sexually and physically assaulted a young woman, D.L., and physically assaulted the young woman's boyfriend, A.H., in a St. Cloud apartment. *State v. Johnson,* 617 N.W.2d 440, 441 (Minn.App.2000). In a bench trial following a stipulation of facts pursuant to *State v. Lothenbach,* 296 N.W.2d 854, 857–58 (Minn.1980), the district court convicted appellant of criminal sexual conduct in the first degree pursuant to Minn.Stat. § 609.342, subds. 1(c), 2 (1998), and assault

in the second degree pursuant to Minn. Stat. § 609.222, subd. 1 (1998). The district court sentenced appellant to consecutive sentences of 172 and 36 months on the respective charges, for a total of 208 months. As support for the upward departure from the sentencing guidelines, the district court cited the following aggravating factors: (1) the female victim was treated with particular cruelty; (2) a gun was involved and used to threaten both victims; (3) the assault took place over a period of time in the victims' apartment; and (4) a theft was involved. *Johnson,* 617 N.W.2d at 442.

Appellant filed a direct appeal where the only issue before this court was whether the trial court erred

> in refusing to enforce a plea agreement from which the state withdrew before a plea of guilty was entered by appellant or accepted by the trial court.

*Id.* at 441. This court affirmed appellant's conviction. *Id.* Appellant then filed a petition for postconviction relief, claiming that the district court improperly departed from the sentencing guidelines by imposing a 172–month sentence and that consecutive sentencing was not appropriate. The postconviction court denied relief to appellant on both issues. The present appeal followed.

## ISSUES

I. Did appellant's failure to assert his claims at the time of his direct appeal procedurally bar the current action?

II. Was the district court's sentencing of appellant for two offenses committed against the same victim clearly erroneous under the single-behavioral-incident rule, Minn.Stat. § 609.035?

## ANALYSIS

### I.

A petitioner seeking postconviction relief has the burden of proving by a "fair preponderance of the evidence" the facts alleged in the petition. Minn.Stat. § 590.04, subd. 3 (2000). This court reviews "a postconviction court's findings to determine whether there is sufficient evidentiary support in the record." *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001) (citation omitted). This court will "afford great deference to a district court's findings of fact and will not reverse the findings unless they are clearly erroneous" and the district court abused its discretion. *Id.* (citation omitted).

The district court sentenced appellant to 172 months, a double durational upward departure from the presumptive sentence, for criminal-sexual-conduct in the first degree. Appellant argues that the district court erred in departing from the sentencing guidelines by considering aggravating factors that were elements of the underlying criminal-sexual conduct charge. Appellant also contends that the district court erred by sentencing appellant consecutively for the criminal sexual conduct and assault charges.

A postconviction court will not consider matters raised in an earlier direct appeal or known at the time of the direct appeal. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The Knaffla rule applies if the petitioner knew or should have known about the issue at the time of appeal. *Black v. State,* 560 N.W.2d 83, 85 (Minn.1997). We examine each of appellant's claims for postconviction relief in light of this standard.

#### (a) Sentencing departure

Appellant knew or should have known about each of his current sentencing departure arguments at the time of his direct appeal. The appropriateness of the dis-

trict court's upward departure and the factors on which the court relied were within appellant's knowledge immediately after his conviction. Because appellant knew or should have known about these issues, his claims are barred unless an exception applies.

The exceptions to the Knaffla rule involve: (1) a claim that is so novel that the legal basis was not available on direct appeal, or (2) a claim that a petitioner did not "deliberately and inexcusably" fail to raise on direct appeal. *Roby v. State*, 531 N.W.2d 482, 484 (Minn.1995). Even if appellant's claims are not within one of the above exceptions and are procedurally barred, this court, in the interests of justice, may address the claims on their merits. *See Boitnott v. State*, 631 N.W.2d 362, 369–70 (Minn.2001).

Appellant's assertions of error relating to his sentencing departure are not legally novel. Appellant has provided no evidence to suggest that he inadvertently failed to raise these issues in his direct appeal or that there was excusable neglect in his failure to do so. Further, appellant advances no argument that the interests of justice require consideration of·the claim.

Instead, appellant asserts that his prior direct appeal does not preclude him from arguing now that the district court improperly departed from the sentencing guidelines. He contends that Minnesota law states that petitioners cannot waive their right to a lawful sentence. *State v. Pieri*, 461 N.W.2d 398, 401 (Minn.App.1990).

The *Pieri* case is not applicable here. That case held that the terms of a negotiated plea agreement, standing alone, do not constitute a "substantial and compelling circumstance" that may be relied on by the sentencing court to justify departure from the sentencing guidelines. *Id.* at 400. The court stated that a plea agreement to a sentence departure does not relieve the trial court from providing justifications for the departure on the record. *Id. Pieri* does not apply because there was no plea agreement and no voluntary departure from the presumptive sentence. Further, the district court supported the departure on the record by reciting the grounds for the decision. Consequently, we hold that the postconviction court did not abuse its discretion when it denied relief on this claim.[1]

### (b) Multiple sentencing

The state contends that both appellant's sentencing departure and double sentencing arguments are barred because they were not brought during his direct appeal. *Knaffla,* 309 Minn. 246, 243 N.W.2d 737. Appellant counters by asserting the protection against double punishment found in Minn.Stat. § 609.035 (2000) cannot be waived. He contends that his failure to raise this issue in his direct appeal is not fatal to his current claim.

Although the Knaffla rule can potentially bar claims not raised in a defendant's direct appeal, appellant accurately points out that a defendant cannot waive a challenge based on multiple-sentencing issues. *See Knaffla,* 309 Minn. 246, 243 N.W.2d 737. In *State v. White,* the Minnesota Supreme Court held that protections against double sentencings are not waiva-

---

1. Even if *Knaffla* did not procedurally bar appellant's argument, it would also fail on the merits. The district court's justifications for the departure, made on the record, accurately reflect the law supporting an upward departure. The cumulative cruelty that appellant inflicted on both D.L. and A.H. over an extended period of time and appellant's use of a dangerous weapon are substantial and compelling circumstances that support the district court's departure.

ble. *White,* 300 Minn. 99, 105–06, 219 N.W.2d 89, 93 (1974). The defendant in *White* waived his protection against multiple prosecutions when he did not object to his prosecution in the district court. *Id.* The defendant could not waive the prohibition against double *sentencings,* however, and the court vacated and set aside his 10–day misdemeanor sentence for illegal identification. *Id.; see also Ture v. State,* 353 N.W.2d 518, (Minn.1984) (holding defendant's failure to raise the multiple sentencing issue at the time of sentencing does not constitute a waiver barring him from later raising the issue and obtaining relief); *State v. King,* 414 N.W.2d 214, 221 (Minn. App.1987) (vacating defendant's sentence for assault in the third degree under the prohibition on multiple sentencing under Minn.Stat. § 609.035 (1986)).

*Knaffla* did not directly address the holding in *White* that a defendant cannot waive the prohibition against double sentencings. *See Knaffla,* 309 Minn. 246, 243 N.W.2d 737. But, because *White* unequivocally declared "the prohibition against double punishment cannot be waived * * *," we hold that appellant cannot waive the prohibition against double punishment found in Minn.Stat. § 609.035 by failing to assert such a claim in his direct appeal. *White,* 300 Minn. at 105–06, 219 N.W.2d at 93. Thus, appellant did not forfeit his right to raise his current objection regarding multiple sentences. *See State v. Mendoza,* 297 N.W.2d 286, 288 (Minn.1980) (holding defendant waived the issue of serial prosecution but could not forfeit multiple sentencing issue). Because appellant cannot waive the prohibition against multiple sentences, this court must address the merits of his claim that the district court erred by sentencing ap-

pellant on two offenses arising out of the same criminal act and against a common victim.[2]

## II.

Appellant contends the district court erred by sentencing him to consecutive 172 and 36–month sentences. Appellant asserts the sentencing court generally may not impose more than one sentence on a defendant who commits multiple offenses as part of a single behavioral incident. He claims the first-degree-criminal-sexual conduct offense and the second-degree assault were part of a single behavioral incident motivated by an effort to obtain a single criminal objective—the sexual assault of D.L. Appellant therefore argues that the district court may not sentence him for both the lesser-included and greater offenses.

█ Minnesota law provides that "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses * * *." Minn.Stat. § 609.035, subd. 1 (1998) ("single behavioral incident rule"). The purpose of this section is to protect a defendant convicted of multiple offenses against unfair exaggeration of the criminality of his conduct. *State v. Mullen,* 577 N.W.2d 505, 511 (Minn.1998).

█ In determining whether multiple offenses arise from a single behavioral incident, this court must consider the defendant's singleness of purpose, i.e., whether the defendant was "motivated by a desire to obtain a single criminal objective." *State v. Chidester,* 380 N.W.2d 595, 597 (Minn.App.1986), *review denied* (Minn. Mar. 21, 1986). We must also consider

---

**2.** We do not purport to decide whether the prohibition on double punishment may *ever* be waived, only that the Knaffla rule does not bar a subsequent attack on multiple sentenc-

ing. *See White,* 300 Minn. 99, 105–06, 219 N.W.2d 89, 93 (stating that the prohibition of § 609.035 against separate prosecutions "is clearly waivable.").

whether the offenses (1) arose from a continuous and uninterrupted course of conduct, (2) occurred at substantially the same time and place, and (3) manifested an indivisible state of mind. *Id.; see also State v. Soto*, 562 N.W.2d 299, 304 (Minn.1997). Until the state provides evidence that appellant's acts were separate and distinct criminal offenses, it should be assumed that they were part of a single behavioral act. *See State v. Williams*, 608 N.W.2d 837, 841 (Minn.2000) (holding the state has the burden to establish by a preponderance of the evidence that the conduct underlying offenses did not occur as part of a single behavioral incident).

■■■ The present facts are very similar to those in *Williams*. In that case, the defendant broke into the victim's apartment, sexually assaulted her, and then attempted to kill her. *Williams*, 608 N.W.2d at 841. The defendant argued that the criminal-sexual-conduct offense and the attempted murder were part of a single behavioral incident. *Id.* The supreme court held that the state failed to prove that the crimes were separate offenses and that the district court erred in imposing sentences for both offenses. *Id.* at 843. The supreme court noted it was not clear whether the defendant entered the victim's apartment with the intent to sexually assault and attempt to kill her, or whether he made separate decisions to commit each offense. *Id.* at 842. The court concluded that the state had not met its burden of proving the defendant changed his criminal objective during the course of the incident, breaking the continuity of his conduct. *Id.* Finally, there was little or no change in time and place between the two charged acts. Although the defendant moved the victim, the distance between the locations where each

offense occurred was minimal (from the bedroom to the living room). *Id.*

Similarly, it is unclear here whether appellant intended to commit a sexual offense and an assault at the time he entered the victim's apartment. His subsequent theft of cash indicates that his intent may have changed once he entered the apartment. Whatever appellant's intent was, as in *Williams*, the state has not sufficiently demonstrated any break in the continuity of appellant's acts. Finally, the state has made no showing that the appellant had anything other than an "indivisible state of mind" when he committed these offenses. *Chidester*, 380 N.W.2d at 597. We therefore hold that the acts constituted a single behavioral incident.

The supreme court, however, has upheld consecutive sentences in criminal-sexual-conduct cases involving multiple convictions for contacts with the same victim, even where the contacts occurred within a period as short as five hours. *See State v. McLemore*, 351 N.W.2d 927 (Minn.1984) (upholding concurrent sentences for convictions of three counts of criminal sexual conduct based on three contacts with the same victim over a weekend); *State v. Stevenson*, 286 N.W.2d 719 (Minn.1979) (upholding consecutive sentences for convictions of two counts of criminal-sexual-conduct based on contacts with the same victim over a five-hour period). Here, unlike *Stevenson*, there is no evidence that appellant's sexual offense and assault of D.L. were separated by *any* period of time. Although the victim reported that the attack lasted several hours, the record shows no evidence of when each of the sentenced crimes took place. Without evidence indicating that appellant committed these offenses at substantially different times or places or that there was an interruption during the commission of the crimes, we hold that the state has not met

its burden of demonstrating that these were distinct criminal offenses.

■ Although Minn.Stat. § 609.035 generally prevents imposition of more than one sentence for a single behavioral incident, a judicially created exception precludes its application when there are multiple victims. *State v. Marquardt*, 294 N.W.2d 849 (Minn.1980) (holding multiple sentences appropriate for multiple-victim crimes arising from the same behavioral incident if the sentences do not unfairly exaggerate the criminality of defendant's conduct); *State v. Lingwall*, 637 N.W.2d 311, 314 (Minn.App.2001); *State v. Lundberg*, 575 N.W.2d 589, 591–92 (Minn.App. 1998), *review denied* (Minn. May 20, 1998). Consequently, had appellant been sentenced for the criminal-sexual-conduct charge committed against *D.L.* (count one) and the assault charge committed against *A.H.* (count four), this exception arguably would have permitted the imposition of consecutive sentences.

But those are not our facts. The district court did not sentence appellant for crimes committed against separate individuals; both counts one and three were charges indicating that *D.L.* was the victim.[3] The district court dismissed counts two, four, and five through eleven before sentencing. Only counts four (assault in the second degree), six (first-degree aggravated robbery), eight (kidnapping), and eleven (terroristic threats) addressed the acts committed against *A.H.* Thus, because the sentences actually imposed for convictions on counts one and three were for crimes against the same victim, the state is not able to rely on the multiple-victim exception under Minn.Stat. § 609.035.[4]

The state also argues that certain legislative changes to Minn.Stat. § 609.035 and changes to the sentencing guidelines, both occurring after the convictions in this case, support the outcome here. But these changes all occurred after the offenses and convictions at issue here and are irrelevant to the present issues.

Because the multiple-victim exception does not apply and § 609.035 prohibits multiple punishments for a single behavioral incident, we reverse and vacate appellant's second-degree assault sentence on count three.

## DECISION

The postconviction court did not abuse its discretion in holding that appellant's failure to present his sentencing departure arguments in the direct appeal bars the present claim. The postconviction court erred in concluding that appellant waived his double-sentencing argument by his fail-

---

3. *See* complaint at 1–3. The complaint charged appellant, *inter alia*, with the following: (1) count one—first degree criminal sexual conduct pursuant to Minn.Stat. § 609.342, subd. 1(c), 2 *as to D.L.* (2) count two—first degree criminal sexual conduct pursuant to Minn.Stat. § 609.342, subd. 1(d), 2 *as to D.L.* (3) count three—assault in the second degree pursuant to Minn.Stat. § 609.222, subd. 1 *as to D.L.* (4) count four—assault in the second degree pursuant to Minn.Stat. § 609.222, subd. 1 *as to A.H.* The district court's sentencing order addresses only counts one and three; the court dismissed the remaining counts.

4. If this were merely a clerical error, the court could correct it at any time. Minn. R.Crim. P. 27.03, subd. 8. Here, though, each document in the record consistently refers to the district court sentencing appellant on counts one and three, and there is no indication in the sentencing transcript that the parties intended another result. In addition, no amended complaint changed the victims that corresponded with each count. We therefore conclude that the likelihood that a clerical error occurred here is minimal.

ure to raise it in the direct appeal. Because double-sentencing claims may not be waived, and because the district court improperly sentenced appellant for two offenses arising out of a single incident committed against the same victim, we reverse and vacate appellant's second-degree assault sentence.

**Affirmed in part and reversed in part.**