STATE of Minnesota, Respondent,

v.

Paul Michael DALSEN, Appellant.

No. C8-89-730.

Court of Appeals of Minnesota.

Aug. 22, 1989.

Review Denied Oct. 13, 1989.

Hubert H. Humphrey, III, Atty. Gen., Saint Paul, James Backstrom, Dakota County Atty., Hastings, for respondent.

C. Paul Jones, State Public Defender by Susan L.P. Hauge, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and CRIPPEN, and SCHULTZ,* JJ., without oral argument.

## OPINION

LANSING, Judge.

Paul Dalsen was convicted of first degree criminal sexual conduct and sentenced to 108 months imprisonment, a double durational sentencing departure. On appeal Dalsen contests the basis for the departure. We affirm the sentence.

## FACTS

J.B., a friend of Paul Dalsen's wife, made arrangements with Dalsen to babysit for her four-month-old son. J.B. arrived at Dalsen's apartment and at his direction took her son into a bedroom. Dalsen entered the bedroom and using a chokehold grabbed J.B. from behind, brandished a knife, and forced J.B. to her knees. He tied J.B.'s hands behind her back, unbuttoned her blouse, cut off her bra with his knife, and committed sexual intercourse. It is unclear whether the child was removed to another room before or after this assault. Dalsen then moved J.B. onto the bed and had vaginal intercourse and oral sex with J.B.

Dalsen pleaded guilty and was convicted of first degree criminal sexual conduct, Minn.Stat. §§ 609.342, subd. 1(c) and 609.-346 (1988). He has one prior criminal con-

viction for second degree criminal sexual conduct. Dalsen appeals his 108–month sentence contending the absence of substantial and compelling circumstances to justify the double durational departure.

## ISSUE

Do substantial and compelling circumstances justify the trial court's double durational departure from the sentencing guidelines?

## ANALYSIS

First degree criminal sexual conduct is a severity level VIII offense which, with a criminal history score of one, results in a presumptive sentence of 54 months imprisonment. Dalsen's sentence of 108 months in prison must be justified by "substantial and compelling circumstances" which make the facts significantly more serious than a typical case. Minnesota Sentencing Guidelines I.4, II.D; *State v. Peake*, 366 N.W.2d 299 (Minn.1985).

In departing from the guidelines, the trial court gave reasons for finding Dalsen's conduct more culpable than a typical first degree criminal sexual conduct offense:

> * * * an upward departure is called for in view of the fact that * * * there was more than one episode of sexual misconduct involving a substantial period of time, there was more than one form of penetration, * * * [t]he victim was in an extremely vulnerable state being tied and also vulnerable by the fact that the four-month-old child was present in another room [and] a prior conviction for exactly the same type of conduct * * *.

Several of the trial court's bases are included in a nonexclusive list of aggravating factors which may be used as reasons for departure. *See* Minnesota Sentencing Guidelines II.D.2. For instance, the list of aggravating factors recognizes a repeat conviction for an offense in which the victim was injured and also recognizes victim vulnerability related to physical incapacity. Minnesota Sentencing Guidelines II.D. 2(b)(1), II.D.2(b)(3). Case law recognizes

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

additional bases that the trial court relied on in sentencing Dalsen—multiple forms of penetration and the violation of more than one subdivision of Minn.Stat. § 609.342. *State v. Morales,* 324 N.W.2d 374 (Minn. 1982). Because Dalsen's conviction was the result of a voluntary guilty plea, J.B. did not testify on the extent of the injuries sustained and the state's failure to submit a brief further restricts explication of the aggravating circumstances. Nonetheless, the record supports the majority of the reasons recited by the judge and these reasons constitute substantial and compelling circumstances recognized by the guidelines and the applicable case law.

In finding these reasons sufficient, we take into account the presence of the child as contributing to the vulnerability of the parent victim. Dalsen contends that this factor may only be considered if the offense is committed in front of the child. *See State v. Winchell,* 363 N.W.2d 747 (Minn.1985). We disagree. The presence of the child in an adjoining room is analogous to a reduced physical capacity. *See* Minnesota Sentencing Guidelines II.D. 2(b)(1). The infant's mother was not free to extricate herself and run because the child would be left with her assailant. The child's presence resulted in an incapacitation that increased the parent's vulnerability. Dalsen clearly knew of the child's presence because he had removed the child to the adjoining room.

### DECISION

The trial court did not rely on inappropriate factors or impose a sentence disproportionate to the severity of the offense and we affirm.

Affirmed.