STATE of Minnesota, Respondent,

v.

Chad Joseph GRAMPRE, Appellant.

No. A08–0454.

Court of Appeals of Minnesota.

June 9, 2009.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Cheri Ann Townsend, Thomas E. Lockhart, Assistant County Attorneys, Dakota County Judicial Center, Hastings, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Cathryn Middlebrook, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by JOHNSON, Presiding Judge; HALBROOKS, Judge; and ROSS, Judge.

## OPINION

JOHNSON, Judge.

Chad Joseph Grampre broke into a woman's home while she slept in her bed and then sexually assaulted her as he held a knife to her throat. He pleaded guilty to two counts of first-degree criminal sexual conduct, one count of first-degree burglary, and one count of second-degree assault. The district court sentenced him to 306 months of imprisonment on each conviction of criminal sexual conduct, which is an upward durational departure of 126 months from the presumptive guidelines sentence of 180 months.

Grampre argues that the district court erred by imposing an upward durational departure. We conclude that the district court did not err because the aggravating factor of particular cruelty is applicable and because the three aggravating factors on which the district court relied collectively support the sentence imposed. Grampre also argues that the district court erred by convicting him and imposing sentences on both counts of first-degree criminal sexual conduct. The state concedes that the district court erred in doing so. Therefore, we affirm the upward departure but vacate one of Grampre's criminal-sexual-conduct convictions.

## FACTS

Early one morning in April 2007, Grampre broke into the home of a woman in the city of Lakeville. The woman awoke to find Grampre on top of her, holding a knife to her throat. Grampre demanded that she remove her clothes; she did so. The woman asked Grampre to lock her bedroom door so that her six-year-old daughter would not enter the bedroom, which he did. Grampre ordered the woman to lie down, and he penetrated her vagina with his penis. Grampre ejaculated on the sheets. Grampre then ordered the woman to take a shower to wash herself. He also used the knife to cut out a section of the sheet on which he had ejaculated, which he removed from the home when he fled. The woman waited until Grampre left the house, checked on her daughter, and then called the police.

When police officers responded to the woman's report, they spoke with Grampre, who was in the front yard of his mother's residence, which is across the street from the victim's home. Police obtained a DNA sample from Grampre, which the Bureau of Criminal Apprehension compared with a DNA sample obtained from the scene of the crime. The DNA test eliminated 99.999992% of the population but did not eliminate Grampre. When police officers told Grampre the results of the DNA test, he confessed to the crime.

The state charged Grampre with one count of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(d) (2006); one count of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subd. 1(e)(i) (2006); one count of first-degree burglary in violation of Minn.Stat. § 609.582, subd. 1(c) (2006); and one count of second-degree assault in violation of Minn.Stat. § 609.222, subd. 1 (2006). In November 2007, Grampre pleaded guilty to all four counts. At his plea hearing, he admitted that he destroyed the piece of the bed sheet and threw the knife into the Mississippi River.

At the plea hearing, Grampre waived his right to a sentencing jury and agreed that unspecified aggravating factors were present. At a sentencing hearing in December 2007, the district court found three aggravating factors: particular cruelty; particular vulnerability; and a high degree of

planning, preparation, and concealment.[1] The district court sentenced Grampre to 306 months of imprisonment on each conviction of first-degree criminal sexual conduct, an upward durational departure from the presumptive guidelines sentence of 180 months of imprisonment; 78 months of imprisonment on the burglary conviction; and 39 months of imprisonment on the assault conviction, with all sentences to run concurrently. Grampre appeals.

## ISSUES

I. Did the district court err by imposing an upward durational departure of 126 months of imprisonment from the presumptive guidelines sentence of 180 months based on the aggravating factors of particular cruelty; particular vulnerability; and high degree of planning, preparation, and concealment?

II. Did the district court err by convicting and sentencing Grampre on both counts of first-degree criminal sexual conduct?

## ANALYSIS

### I.

■ Grampre first argues that the district court erred by imposing an upward durational departure. His argument has two parts. First, he contends that particular cruelty is an impermissible factor in this case because it is based on facts that prove the elements of another offense of which he was convicted. Second, he contends that the remaining two factors (or all the factors, if all three are deemed permissible) do not support a 126–month upward departure.[2]

■ A district court must order the presumptive sentence provided by the sentencing guidelines unless there are "substantial and compelling circumstances" to warrant an upward departure. Minn. Sent. Guidelines II.D. Substantial and compelling circumstances are present when "the defendant's conduct in the offense of conviction was significantly more or less serious than that typically involved in the commission of the crime in question." *State v. Misquadace,* 644 N.W.2d 65, 69 (Minn.2002). The guidelines provide a nonexclusive list of aggravating factors that may justify a departure. Minn. Sent. Guidelines II.D.2(b). The issue whether a particular reason for an upward departure is permissible is a question of law, which is subject to a *de novo* standard of review. *State v. Jackson,* 749 N.W.2d 353, 357 (Minn.2008). A district court's decision to depart from the sentencing guidelines based on permissible grounds is reviewed for an abuse of discretion. *State v. Reece,* 625 N.W.2d 822, 824 (Minn.2001).

### A. Particular Cruelty

■ Grampre contends that the district court erred by relying on the aggravating factor of particular cruelty as a basis for the upward departure. In the district court, the state argued that Grampre engaged in particular cruelty because he

---

1. Grampre argues that the district court impermissibly relied on the aggravating factor of a violation of the victim's zone of privacy. When imposing sentence, however, the district court did not mention the aggravating factor of a violation of the victim's zone of privacy. The district court expressly identified only three aggravating factors. Thus, we need not address Grampre's arguments challenging the zone-of-privacy factor.

2. Grampre argued for the first time at oral argument that there is insufficient evidence for the aggravating factor of a high degree of planning, preparation, and concealment. Because this argument was not raised in Grampre's brief, it has been forfeited. *See State v. Hurd,* 763 N.W.2d 17, 32 (Minn.2009).

woke the victim, held a knife to her throat throughout the sexual assault, and forced her to take a shower after he raped her. Grampre admitted these facts at the plea hearing. But he argues that the particular-cruelty factor is impermissible in this case because his use of the knife also was the factual basis for the conviction of second-degree assault.

■ Under long-established caselaw, if a district court's reasons for a departure are stated on the record, an appellate court must determine whether the stated reasons justify the departure. *Williams v. State,* 361 N.W.2d 840, 844 (Minn.1985). A departure is justified if the reason or reasons stated are proper and if the severity of the sentence is within the district court's broad discretion. *See State v. Shattuck,* 704 N.W.2d 131, 139–40 (Minn.2005); *Reece,* 625 N.W.2d at 824; *State v. Evans,* 311 N.W.2d 481, 483 (Minn.1981).

In *State v. Jones,* 745 N.W.2d 845 (Minn. 2008), the supreme court reiterated the "boundaries" of a "proper departure" by identifying four types of improper grounds for a departure. *Id.* at 849. First, " '[t]he reasons used for departing must not themselves be elements of the underlying crime.' " *Id.* (alteration in original) (quoting *State v. Blanche,* 696 N.W.2d 351, 378–79 (Minn.2005)). Second, "[d]epartures cannot be based on uncharged or dismissed offenses." *Id.* Third, "[d]epartures cannot be based on conduct underlying an offense of which the defendant was acquitted." *Id.* Fourth, "conduct underlying one conviction cannot be relied on 'to support departure on a sentence for a separate conviction.' " *Id.* (quoting *State v. Williams,* 608 N.W.2d 837, 840 (Minn. 2000)). The fourth limitation is justified in part by a statute that "prohibits cumulative punishment for conduct that constitutes more than one offense." *Id.* at 850. The statute provides that "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." Minn.Stat. § 609.035, subd. 1 (2006).

If we were to apply only the above-described principles of *Jones,* we would agree with Grampre that his use of the knife cannot be used both to convict him of second-degree assault, which includes assault "with a dangerous weapon," Minn. Stat. § 609.222, subd. 1, and to enhance his sentence for first-degree criminal sexual conduct. But *Jones* does not apply to Grampre because of the following statutory exception:

Notwithstanding subdivision 1, a prosecution or conviction for committing a violation of sections 609.342 to 609.345 *with force or violence* is not a bar to conviction of or punishment for any other crime committed by the defendant as part of the same conduct. If an offender is punished for more than one crime as authorized by this subdivision and the court imposes consecutive sentences for the crimes, the consecutive sentences are not a departure from the Sentencing Guidelines.

Minn.Stat. § 609.035, subd. 6 (2006) (emphasis added). In *Jones,* the supreme court noted the exception in section 609.035, subdivision 6, commenting that it "reflect[s] legislative determinations concerning specific conduct that is eligible for increased punishment even when committed as part of the same behavioral incident." *Jones,* 745 N.W.2d at 850. But the exception was inapplicable in *Jones* because the defendant was convicted of committing criminal sexual conduct without the use of force or violence. *Id.*

In this case, Grampre pleaded guilty to two counts of first-degree criminal sexual conduct. Count 2 alleged a violation of a statute that applies if, among other things,

"the actor causes personal injury to the complainant" and "the actor uses *force* or coercion to accomplish sexual penetration." Minn.Stat. § 609.342, subd. 1(e)(i) (emphasis added). For purposes of section 609.342, "force" is defined by the legislature to mean

> the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the complainant or another, which (a) causes the complainant to reasonably believe that the actor has the present ability to execute the threat and (b) if the actor does not have a significant relationship to the complainant, also causes the complainant to submit.

Minn.Stat. § 609.341, subd. 3 (2006). Grampre's use of the knife in this case easily fits within this definition of "force" and, thus, triggers the statutory exception in section 609.035, subdivision 6.[3] Because Grampre was convicted of committing criminal sexual conduct with force or violence, the district court was permitted to consider Grampre's use of the knife as evidence of particular cruelty, notwithstanding the fact that his use of the knife also was evidence supporting the conviction of second-degree assault.[4] Grampre's use of the knife is sufficient to support the finding of particular cruelty. Thus, particular cruelty is a permissible basis for an upward departure in this case.

## B. Justification for Departure

Grampre also contends that the aggravating factors on which the district court relied do not justify the upward departure. "If reasons supporting [a] departure are stated, [an appellate] court will examine the record to determine if the reasons given justify the departure." *Williams*, 361 N.W.2d at 844. If a departure is based on a proper ground, a district court has broad discretion to depart from the sentencing guidelines, and a departure will not be reversed absent an abuse of that discretion. *Jackson*, 749 N.W.2d at 356–

**3.** The parties cited Minn.Stat. § 609.035, subd. 6, in their respective briefs with respect to the issue in part II of this opinion. But subdivision 6 also may apply to an aggravating factor that is the basis of an upward departure. *Jones*, 745 N.W.2d at 850. We must analyze the parties' arguments in a manner that is consistent with the applicable law. *See State v. Hannuksela*, 452 N.W.2d 668, 673 n. 7 (Minn.1990). In this instance, we cannot apply *Jones*'s fourth limitation to the particular-cruelty factor because the legislature has stated clearly that such an analysis does not apply to Grampre's offense.

**4.** The extent of the upward departure in this case (90 months more than the upper end of the presumptive sentencing range of 153 to 216) is greater than the presumptive sentencing range that would apply to a conviction of second-degree assault with no criminal-history points (41 to 57 months). In *Jackson*, the supreme court applied a similar statute to an upward departure that was justified by an aggravating factor that was based on un-

charged conduct. *See* 749 N.W.2d at 358 (applying Minn.Stat. § 609.585 (2006)). The supreme court essentially held that the sentence in that case should be limited to the sum of the upper end of the presumptive sentencing range applicable to the offense of conviction and the upper end of the presumptive sentencing range applicable to the uncharged offense. *Id.* But there were no other proper aggravating factors in *Jackson* to provide additional support for the upward departure. *See id.* at 357–58 (holding that only other aggravating factor, nature of victim's injuries, was improper because also based on uncharged conduct). In this case, however, there are two other proper aggravating factors that provide additional support for the upward departure. *See State v. Spaeth*, 552 N.W.2d 187, 196 (Minn.1996) (considering whether "any other factors justify[ ] the upward departure" after concluding that sole factor found by district court was conduct underlying another conviction). Thus, even if that part of *Jackson* is applicable here, the departure is justified.

57; *State v. Thompson*, 720 N.W.2d 820, 828 (Minn.2006).

■ The first of the three aggravating factors, particular cruelty, is discussed above. The second aggravating factor, particular vulnerability, is based on evidence that the woman's child was nearby at the time of the crime and compromised the woman's ability to flee. A finding of particular vulnerability may be made when the presence of a child during the commission of a crime causes the victim to be particularly vulnerable by compromising the victim's ability to flee. *See State v. Johnson*, 450 N.W.2d 134, 135 (Minn.1990) (concluding that departure was justified by multiple factors, including victim's inability to flee because she was babysitting two infants); *State v. Hart*, 477 N.W.2d 732, 740 (Minn.App.1991) (reasoning that presence of children during home invasion and sexual assault of children's mother increased vulnerability by compromising her ability to flee), *review denied* (Minn. Jan. 16, 1992); *State v. Dalsen*, 444 N.W.2d 582, 584 (Minn.App.1989) (reasoning that presence of child in home "increased the parent's vulnerability" because she "was not free to extricate herself and run"), *review denied* (Minn. Oct. 13, 1989); *see also State v. Vance*, 765 N.W.2d 390, 393–94 (Minn.2009) (noting that compromised ability to flee may be aggravating factor).

The third aggravating factor, a high degree of planning, preparation, and concealment of the crime, is based on evidence that Grampre wore a stocking cap and hooded sweatshirt to conceal his identity; that he brought with him a knife, a golf club, and a rope; that he forced the victim to shower after the assault; and that he cut out and later destroyed the portion of the bed sheet on which he had ejaculated. The caselaw supports the district court's reliance on that factor. In *State v. Kindem*, 338 N.W.2d 9 (Minn.1983), the supreme court held that an upward departure was appropriate where the defendant did "an immense amount of planning to determine when the victim would be most vulnerable." *Id.* at 17. Similarly, in *State v. Bock*, 490 N.W.2d 116 (Minn.App.1992), *review denied* (Minn. Aug. 27, 1992), this court affirmed an upward departure where the defendant "spent a great deal of time planning to attack [the victim] when he was alone in the middle of the night, a time when he was most vulnerable." *Id.* at 121.

■ Generally, if the facts justify a departure, the degree of departure is a matter for the district court's discretion so long as the resulting sentence is less than twice the length of the presumptive sentence. *See Shattuck*, 704 N.W.2d at 140; *Evans*, 311 N.W.2d at 483. Having considered the matter, we conclude that the three aggravating factors collectively justify the district court's decision to impose the upward departure. Each aggravating factor is supported by evidence of conduct that, for independent reasons, is more serious than the typical case involving this offense. *See Misquadace*, 644 N.W.2d at 69. Thus, the district court did not abuse its discretion by sentencing Grampre to 306 months, an upward durational departure of 126 months from the presumptive sentence of 180 months and 90 months from the upper end of the presumptive sentencing range, which is 216 months.

## II.

■ Grampre also argues that the district court erred by entering convictions and imposing sentences on both counts of first-degree criminal sexual conduct arising from a single behavioral incident. Whether multiple offenses form part of a single behavioral act is a question of fact, which we review under a clearly erroneous standard of review. *State v. Marchbanks*, 632 N.W.2d 725, 731 (Minn.App.2001).

"But where the facts are established, the determination is a question of law subject to de novo review." *Id.; see also State v. Kendell,* 723 N.W.2d 597, 607 (Minn.2006) (citing *Marchbanks* ).

Grampre relies on a statute that provides:

Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:

(1) A lesser degree of the same crime; or

(2) An attempt to commit the crime charged; or

(3) An attempt to commit a lesser degree of the same crime; or

(4) A crime necessarily proved if the crime charged were proved; or

(5) A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

Minn.Stat. § 609.04, subd. 1 (2006). The same statute also provides, "A conviction or acquittal of a crime is a bar to further prosecution of any included offense, or other degree of the same crime." Minn.Stat. § 609.04, subd. 2 (2006).

Grampre contends that this statute prohibits the district court from entering convictions and imposing sentences on both counts of first-degree criminal sexual conduct. The state concedes that the district court erred by convicting and sentencing Grampre on both count 1 and count 2. The state's concession is consistent with the caselaw. In *State v. Bowser,* 307 N.W.2d 778 (Minn.1981), the defendant was convicted of violating both Minn.Stat. § 609.342(e)(i) (1980) (renumbered section 609.342, subdivision 1(e)(i), *see* 1985 Minn. Laws ch. 286, § 15, at 1306), and Minn. Stat. § 609.342(c) (1980) (renumbered section 609.342, subdivision 1(c), *see* 1985

Minn. Laws ch. 286, § 15, at 1306). *Id.* at 778. The supreme court held that the district court erred because the two convictions were "on the basis of the same criminal act." *Id.* at 779. Similarly, in *State v. LaTourelle,* 343 N.W.2d 277 (Minn.1984), the supreme court vacated two of three convictions of murder although only one person was murdered. *Id.* at 279, 284. The supreme court did so because the two convictions were "multiple convictions under different sections of the statute for a single criminal act." *Id.* at 284.

To remedy the error in this case, we vacate the conviction and sentence related to count 1, which alleged a violation of Minn.Stat. § 609.342, subd. 1(d). Grampre's guilty plea on count 1 remains valid. If the conviction on count 2 were to be vacated or reversed at a later date for independent reasons, the district court would be permitted to formally adjudicate and sentence Grampre on count 1. *See State v. Pflepsen,* 590 N.W.2d 759, 766 (Minn.1999); *State v. Wilson,* 539 N.W.2d 241, 247 (Minn.1995); *LaTourelle,* 343 N.W.2d at 284; *Bowser,* 307 N.W.2d at 779.

## DECISION

The district court did not err by sentencing Grampre to 306 months of imprisonment, an upward departure of 126 months from the presumptive guidelines sentence of 180 months. The district court erred, however, by convicting and sentencing Grampre on two counts of first-degree criminal sexual conduct based on the same incident.

**Affirmed in part, vacated in part.**