*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0127**

State of Minnesota,
Respondent,

vs.

Javonate James McNeal,
Appellant.

**Filed January 12, 2015
Affirmed in part and remanded
Schellhas, Judge**

Sherburne County District Court
File No. 71-CR-12-1624

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, David T. Anderson, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Stephanie A. Karri, Special Assistant Public Defender, St. Paul, Minnesota; and

Bradford Colbert, St. Paul, Minnesota (for appellant)

        Considered and decided by Ross, Presiding Judge; Schellhas, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges the district court's imposition of a sentence that is an upward durational departure from the presumptive guidelines sentence, arguing that the district court relied on improper or unsupported aggravating factors. For the reasons set forth below, we affirm in part and remand.

## FACTS

Appellant Javonate McNeal and Ricardo Dominguez went to the home of A.S.M. and R.A.M. for the purpose of stealing marijuana. When A.S.M. answered the door, they barged into the home with Dominguez brandishing a handgun and ordering the victims to get down on the ground. McNeal bound the victims' wrists with zip ties and remained with R.A.M. while Dominguez took A.S.M. to the garage to search for marijuana. When they returned from the garage, all four went upstairs where Dominguez instructed A.S.M. to lie under a bed and McNeal allowed R.A.M. to sit. Dominguez gave McNeal the gun and instructed him to watch A.S.M. While he did so, R.A.M. told McNeal that her children were in the home. McNeal and Dominguez then searched the home and left with several items, including an Xbox, a handgun, purses, and jewelry.

Respondent State of Minnesota charged McNeal with one count of first-degree aggravated robbery under Minn. Stat. § 609.245, subd. 1 (2012); one count of first-degree burglary (assault) under Minn. Stat. § 609.582, subd. 1(c) (2012); one count of first-degree burglary (dangerous weapon) under Minn. Stat. § 609.582, subd. 1(b) (2012); one count of kidnapping under Minn. Stat. § 609.25, subd. 1(2) (2012); one count of second-

degree assault under Minn. Stat. § 609.222, subd. 1 (2012); and one count of possession of a firearm by an ineligible person under Minn. Stat. § 624.713, subd. 1(2) (2012). The state provided notice that it might offer evidence of the following aggravating sentencing factors: (1) "[t]he Defendant has prior convictions for crimes of violence"; (2) "[t]he acts were done in the presence of children, thereby making the victims particularly vulnerable"; and (3) "[t]he defendant committed the offenses in a manner which was more serious than the typical offense."

The parties reached a plea agreement. McNeal pleaded guilty to one count of first-degree aggravated robbery; waived his "right to have a trial on the facts in support of an aggravated sentence"; admitted the existence of three aggravating sentencing factors, including "zone of privacy," "children being present," and "a prior crime of violence"; and affirmed his understanding that the sentence would be 142 to 182 months, an upward durational departure from the presumptive guidelines sentence range of 75 to 105 months. The district court sentenced McNeal to 162 months' imprisonment.

This appeal follows.

## D E C I S I O N

At sentencing, the district court stated, "[B]ased on the facts of this case and on the waiver of a jury to decide the aggravating factors, I am finding substantial and compelling support for the upward departure in this case based on the aggravating factors." The district court did not recite the aggravating factors. McNeal argues that the district court erred by basing the upward departure on improper aggravating factors.

3

"Departures are warranted only when substantial and compelling circumstances are present." *State v. Jones*, 745 N.W.2d 845, 848 (Minn. 2008). "Substantial and compelling circumstances are those demonstrating that the defendant's conduct in the offense of conviction was *significantly* more or less serious than that typically involved in the commission of the crime in question." *Id.* (quotation omitted). An appellate court determines whether "the reasons given for an upward departure are legally permissible and factually supported in the record." *State v. Edwards*, 774 N.W.2d 596, 601 (Minn. 2009). "Whether a particular reason for an upward departure is permissible is a question of law, which is subject to a de novo standard of review." *State v. Yaritz*, 791 N.W.2d 138, 143 (Minn. App. 2010) (quotation omitted), *review denied* (Minn. Feb. 23, 2011). Appellate courts generally "review an upward departure from the presumptive guidelines sentence for an abuse of discretion." *Tucker v. State*, 799 N.W.2d 583, 585–86 (Minn. 2011). "An upward departure will be reversed if the sentencing court's articulated reasons for the departure are improper or inadequate and the evidence in the record is insufficient to justify the departure." *Id.* at 586 (quotations omitted).

### *Presence of children, making the victims particularly vulnerable*

McNeal argues that the district court erred by relying on the presence of children, making the victims particularly vulnerable, because the record contains "no evidence that the children in the home witnessed the offense." McNeal's argument is misplaced.

The supreme court has observed that "a durational departure may be warranted when an offense is committed in the presence of a child in two situations." *State v. Robideau*, 796 N.W.2d 147, 151 (Minn. 2011). First, a durational departure may be

warranted "when the defendant's conduct is particularly outrageous because the child, while technically not a victim of the offense, is a victim for having witnessed the offense." *Id.* Second, a durational departure may be warranted "when the victim is particularly vulnerable due to the child's presence in the home." *Id.* In the first situation, the aggravating factor "is limited to those situations where the child sees, hears, or otherwise witnesses some portion of the commission of the offense in question." *Id.* at 152. In the second situation, the aggravating factor applies "when *the victim is particularly vulnerable* due to the child's presence in the home." *Id.* at 151 (emphasis added); *see State v. Grampre*, 766 N.W.2d 347, 353 (Minn. App. 2009) ("[T]he woman's child was nearby at the time of the crime and compromised the woman's ability to flee."), *review denied* (Minn. Aug. 26, 2009); *State v. Hart*, 477 N.W.2d 732, 740 (Minn. App. 1991) ("During the assault, [the victim] was afraid to scream or struggle because her sons might awaken and be injured. She was afraid of leaving [defendant] alone in the home with the children."), *review denied* (Minn. Jan. 16, 1992); *State v. Dalsen*, 444 N.W.2d 582, 584 (Minn. App. 1989) (stating that "presence of the child in an adjoining room is analogous to a reduced physical capacity," that "infant's mother was not free to extricate herself and run because the child would be left with her assailant," and that "child's presence resulted in an incapacitation that increased the parent's vulnerability"), *review denied* (Minn. Oct. 13, 1989).

Here, the following colloquy occurred at the plea hearing:

> THE COURT: Okay. Do you know whether children were present in the home?

McNEAL: I didn't know there was children in the home until [R.A.M.] said, "My kids were home."
THE COURT: Okay. Do you have any reason to dispute that they were there?
McNEAL: No.

No one asked McNeal whether the children saw, heard, or otherwise witnessed any portion of the robbery—the first situation in which presence of children may warrant a durational departure. The state never suggested that it intended to offer evidence that the children saw, heard, or otherwise witnessed any portion of the robbery. But the state provided notice that it might offer evidence regarding the second situation in which presence of children may warrant a durational departure—the presence of children in the victims' home made the victims particularly vulnerable. *See Robideau*, 796 N.W.2d at 151–52 (identifying two situations in which presence of child may be basis for departure).

McNeal testified that he and Dominguez barged into the victims' home, ordered them to the ground while Dominguez brandished a handgun, and put zip ties on the victims to bind their hands. He acknowledged that the victims knew that the handgun was a dangerous weapon and that his possession of the handgun while the victims' hands were zip-tied could have made them believe that he was going to use the handgun. These facts support the district court's reliance on presence of children in the second situation identified in *Robideau*. *See id.* We conclude that McNeal's testimony at the plea hearing is sufficient to support a determination that the victims were particularly vulnerable due to the presence of children in their home. The district court therefore did not abuse its discretion by relying on presence of the children as an aggravating sentencing factor.

6

***Zone of privacy***

The supreme court has "clearly recognized the commission of a crime in the victim's zone of privacy as justifying a more severe punishment." *State v. Thao*, 649 N.W.2d 414, 422 (Minn. 2002) (quotation omitted); *see also* Minn. Sent. Guidelines 2.D.2.b.(14) (2012). The "zone of privacy" includes the victim's home and curtilage. *Thao*, 649 N.W.2d at 422. McNeal argues that the district court erred by relying on the zone-of-privacy aggravating factor because that factor is based on conduct underlying the dismissed offense of first-degree burglary. McNeal's argument is persuasive. "Departures cannot be based on uncharged or dismissed offenses." *Jones*, 745 N.W.2d at 849. We therefore conclude that the district court erred by relying on zone of privacy as an aggravating factor to support McNeal's upward-departure sentence.

***Prior crimes of violence***

During his plea colloquy, McNeal admitted that he has "a prior crime of violence" and also admitted that he has a second-degree assault conviction from "2004 maybe" and a felon-in-possession conviction from 2009. McNeal argues, in a footnote in his reply brief, that because "[his] prior conviction for assault was included in his criminal history score and was used to determine his presumptive sentence[,] it cannot also be used to justify a departure." But the state did not address the validity of McNeal's prior crimes of violence as an aggravating factor to support the court's upward departure, and under our rules of procedure, "[t]he reply brief must be confined to new matter raised in the brief of the respondent." Minn. R. Civ. App. P. 128.02, subd. 3. "Because the State did not raise this matter in its brief, it was not proper subject matter for appellant's reply brief and,

therefore, is waived and stricken." *State v. Yang*, 774 N.W.2d 539, 558 (Minn. 2009); *see also McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998) ("Issues not argued in briefs are deemed waived on appeal." (quotation omitted)). We therefore do not address the validity of McNeal's prior crimes of violence as an aggravating factor.

In conclusion, the district court did not abuse its discretion by relying on the aggravating factor of presence of children, making the victims particularly vulnerable. The presence of a single valid aggravating factor is sufficient to support an upward departure. *See State v. Petersen*, 799 N.W.2d 653, 659−60 (Minn. App. 2011) (citing *State v. O'Brien*, 369 N.W.2d 525, 527 (Minn. 1985), and upholding upward-departure sentence when "at least one of the aggravating circumstances stated by the district court [wa]s supported by the record"), *review denied* (Minn. Sept. 28, 2011); *State v. Mohamed*, 779 N.W.2d 93, 97 (Minn. App. 2010) ("The presence of a single aggravating factor is sufficient to uphold an upward departure."), *review denied* (Minn. May 18, 2010). But "[b]ecause the record does not allow us to determine whether the district court would have imposed the same sentence absent its reliance on the improper aggravating factor[]" of zone of privacy, "we remand for the district court's determination of whether resentencing is warranted in light of our decision." *See Mohamed*, 779 N.W.2d at 100.

**Affirmed in part and remanded.**