**STATE of Minnesota, Respondent,**

v.

**George W. McLEMORE, III, Appellant.**

**No. C3–83–296.**

Supreme Court of Minnesota.

July 27, 1984.

---

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Richard Osborne, J. Michael Richardson, Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

Defendant was found guilty by a district court jury of three counts of criminal sexual conduct in the second degree, Minn.Stat. § 609.343 (1982). The charges were based on his having sexual contact with a 7-year-old girl on three separate occasions during a weekend when she was a guest in the residence that he shared with his girlfriend and her two children. The trial court used the *Hernandez* method in computing defendant's criminal history score, *see State v. Hernandez*, 311 N.W.2d 478 (Minn.1981), and Minnesota Sentencing Guidelines and Commentary II.B.101 (1982), which gave defendant criminal history scores of two for the first offense sentenced, three for the second, and four for the third. This resulted in concurrent sentences of 30 months stayed, 34 months executed, and 44 months executed. Rejecting defendant's contentions on appeal, we hold (a) that the evidence of defendant's guilt, which was strongly corroborated by evidence of similar sexual misconduct against other girls, was sufficient; (b) that the trial court did not err in refusing to permit defense counsel to cross-examine the mother of one of the victims about her having been sexually abused when she was a child; and (c) that the trial court, in sentencing defendant as it did, did not violate Minn.Stat. § 609.035 (1982) or the *Hernandez* rule of computing a defendant's criminal history score for sentencing purposes. *See State v. Moore*, 340 N.W.2d 671 (Minn.1983).

Affirmed.