STATE of Minnesota, Plaintiff,

v.

Thomas Gill SECREST, Defendant.

No. CX–88–1934.

Court of Appeals of Minnesota.

March 28, 1989.

Review Denied May 24, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, John C. Hoffman, Mille Lacs County Atty., Mary K. Kopitzke, Asst. Mille Lacs County Atty., Milaca, for plaintiff.

John H. Rheinberger, Rheinberger & Rheinberger, Stillwater, for defendant.

Heard, considered and decided by LANSING, P.J., and RANDALL and IRVINE *, JJ.

## OPINION

LANSING, Judge.

The trial court determined that a conviction in Washington County of engaging in sexual contact "on numerous occasions between September 9, 1983 and April 22, 1986" in violation of Minn.Stat. § 609.345, subd. 1(b) (1986) did not bar a prosecution by Mille Lacs County for violation of the same statute with the same person in Mille Lacs County on December 26, 1985. After initially denying certification requests the trial court, continuing to answer the question in the negative, certified it under Minn. R.Crim. P. 28.03 (1986).

## FACTS

In November 1986 Thomas Secrest was charged with fourth degree criminal sexual conduct, Minn.Stat. § 609.345, subd. 1(b), for allegedly engaging in repeated sexual contact with a male juvenile, M.L.W., in Washington County, Minnesota. The complaint specifies that these contacts occurred between September 19, 1983, and April 22, 1986. At the time of the contacts, M.L.W. was at least 13 but less than 16 years of age, and Secrest was more than 48 months older than M.L.W. In his statement M.L.W. estimated that the contacts occurred monthly.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Secrest pleaded guilty to the charge in Washington County and was sentenced, based on a zero criminal history score, to a maximum of 5 years probation and 30 days in jail; ordered to pay $1000 restitution to M.L.W. for counseling; ordered to obtain treatment in a facility for sex offenders; and ordered to forfeit one of two vehicles in which the contacts took place.

During the Washington County investigation it was discovered that Secrest had taken M.L.W. ice fishing in Mille Lacs County, Minnesota, and that incidents of sexual contact had also occurred there. Two weeks after his sentencing in Washington County, Mille Lacs County prosecutors charged Secrest with two counts of fourth degree criminal sexual conduct for contacts in Secrest's ice-fishing house and at the motel where Secrest and M.L.W. stayed.

During an omnibus hearing on August 31, 1987, Secrest moved to dismiss the complaint on double jeopardy grounds under Minn.Stat. § 609.035 (1986). The court denied his motion. In December 1987 Secrest moved for reconsideration and requested the issue be certified to this court as important and doubtful. His motion was again denied. In May 1988 Secrest renewed his motion for certification, and in June 1988 the judge granted his request.

CERTIFIED QUESTION

Does the Mille Lacs County prosecution constitute double jeopardy under Minn. Stat. § 609.035 (1986)?

ANALYSIS

The trial court found that Secrest's sexual contacts with M.L.W. in Mille Lacs County were "not part of a single behavioral incident or continuing course of criminal conduct to which Secrest pled guilty in Washington County." The court found that although the sexual contacts were within the same time frame as the Washington County charge, they did not bear any

> essential relationship to those Washington County acts, and the offenses occurred in far separate places, at diverse

times * * * there was no underlying unity to the acts committed in Washington County and the acts committed in Mille Lacs County.

The trial court then concluded that Secrest would not be twice placed in jeopardy for the same crime by facing the Mille Lacs County charges.

Secrest frames his double jeopardy claim under Minn.Stat. § 609.035 (1986) which provides that

> if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All of the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

*Id.* This statute, known for its "single behavioral incident" rule, contains two prohibitions: one against double punishment and one against serialized prosecutions. *State v. Johnson,* 273 Minn. 394, 397, 141 N.W.2d 517, 520 (1966). The statute is designed to preclude multiple prosecutions for offenses resulting from a single behavioral incident so that double punishment is prohibited, but punishment for a "multiplicity of violations will be commensurate with the criminality of defendant's misconduct." *Johnson,* 273 Minn. at 399, 141 N.W.2d at 521-22.

> The policy of the statute is to protect against exaggerating the criminality of a person's conduct and to make both punishment and prosecution commensurate with culpability.

*State v. Eaton,* 292 N.W.2d 260, 266 (Minn. 1980) (citing *State ex rel. Stangvik v. Tahash,* 281 Minn. 353, 360, 161 N.W.2d 667, 672 (1968)).

The question simply stated is whether Secrest's sexual contact with M.L.W. constitutes a "single behavioral incident" within the meaning of the statute. "Whether the violations result from a single behavioral incident depends upon the facts and circumstances of each case." *State v. Reiland,* 274 Minn. 121, 123, 142 N.W.2d 635,

637 (1966). The *Reiland* court focused on whether there was a "substantial relationship between the conduct constituting each offense" and whether that conduct was "the result of a single motivation directed toward a single goal." *Reiland,* 274 Minn. at 125, 142 N.W.2d at 638. The absence or presence of even a few facts can change the result. *See State v. Zuehlke,* 320 N.W. 2d 79, 82 (Minn.1982).

In cases involving intentional crimes such as criminal sexual conduct, the following criteria have been applied:

1. The conduct involved must be motivated by a desire to obtain a single criminal objective.
2. The offenses must occur at substantially the same time and place, arise in a continuous and uninterrupted course of conduct and manifest an indivisible state of mind.

*State v. Chidester,* 380 N.W.2d 595, 597 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 21, 1986) (citing *State v. Jackson,* 349 N.W.2d 358, 360 (Minn.Ct.App. 1984), *aff'd in part, rev'd in part on other grounds,* 363 N.W.2d 758 (Minn.1985)). This test is "not a mechanistic one, but in each case the court must examine the facts and exercise reasonable discretion." *State v. O'Brien,* 429 N.W.2d 293, 297 (Minn.Ct. App.1988), *pet. for rev. denied* (Minn. Nov. 16, 1988) (citing *City of Moorhead v. Miller,* 295 N.W.2d 548, 549–50 (Minn.1980)).

The Minnesota Supreme Court has upheld convictions on multiple charges and consecutive sentences in criminal sexual conduct cases when the contacts were with the same victim and the time period between the contacts was as short as five hours. *See State v. McLemore,* 351 N.W.2d 927 (Minn.1984) (defendant concurrently sentenced for three counts of second degree criminal sexual conduct for three contacts over a weekend period); *State v. Stevenson,* 286 N.W.2d 719 (Minn.1979) (defendant consecutively sentenced on two counts of third degree criminal sexual contact for contacts five hours apart). *But see Bixby v. State,* 344 N.W.2d 390 (Minn.1984) (defendant drove a short distance between two sexual contacts; court held the two acts were part of a single behavioral incident); *State v. Herberg,* 324 N.W.2d 346 (Minn.1982) (multiple sentencing for two acts of sexual penetration barred by § 609.035 because, although the contacts occurred in two separate counties after defendant drove victim a short distance, the relocation was to avoid discovery, so acts were part of a single course of conduct).

Here the Washington County and Mille Lacs County sexual contacts between Secrest and M.L.W. necessarily occurred at least several hours apart because of the distance between the two counties. Also, there is no claim that any contact occurred in Washington County just prior to their departure from the county. The incidents within Washington County were often separated in time by a month or more, and the incidents charged in Mille Lacs County were all separated at least by several hours and interrupted by either ice fishing activities or travel off the lake and dinner. These incidents are less like those of *Bixby* and *Herberg,* and more like those of *McLemore* and *Stevenson;* there is insufficient unity of time and place to bar prosecution.

Even if Secrest were to argue that all of the contacts were motivated by his perverse sexual desires, that motivation would be too broad. *See State v. Eaton,* 292 N.W.2d 260, 267 (Minn.1980) (one large plan to swindle as much money as possible from victims too broad to justify application of the single behavioral incident rule); *State v. Chidester,* 380 N.W.2d 595, 598 (Minn.Ct.App.1986) (motivation of obtaining money to cover expenses by misappropriating money over an eight month period too broad to justify application of the single behavioral incident rule).

Considering the facts and circumstances of these charges in light of the controlling precedent, we conclude that the contacts between Secrest and M.L.W. in Mille Lacs County and those in Washington County are not part of the same behavioral incident. The Mille Lacs County prosecution for two counts of fourth degree criminal sexual conduct is not barred by § 609.035 because of Secrest's previous guilty plea in Washington County.

## DECISION

Certified question answered in the negative.