# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-2057

State of Minnesota,
Respondent,

vs.

Timothy John Bakken,
Appellant.

**Filed November 9, 2015**
**Affirmed**
**Rodenberg, Judge**

Polk County District Court
File No. 60-CR-13-2028

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Andrew W. Johnson, Assistant County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Rodenberg, Judge.

# S Y L L A B U S

Each individual image depicting child pornography and stored on a computer drive is a separate pornographic work under the plain language of Minn. Stat. § 617.247, subd. 4(a) (2014).

# O P I N I O N

**RODENBERG**, Judge

Appellant challenges his seven sentences for possession of pornographic works involving minors. He contends that the double-jeopardy prohibition against multiple prosecutions found in Minn. Const. art. I, § 7, and the statutory protection afforded by Minn. Stat. § 609.04 (2014) prohibit his convictions of seven counts of possession of child pornography when the offenses involved continuous possession of a single computer. Alternatively, he argues that Minn. Stat. § 609.035, subd. 1 (2014), limits his punishment because his conduct arose from a single behavioral incident. We affirm.

## FACTS

On June 7, 2013, police executed a search warrant and seized appellant Timothy John Bakken's computer from his residence. When law enforcement later imaged appellant's hard drive, they recovered numerous pornographic pictures,[1] many of which appeared to depict minors. Law enforcement documented the descriptions and the download dates and times for seven of the pornographic pictures depicting minors.

---

[1] In his motion to the district court, appellant referred to the pornographic items as "photographs." On appeal, appellant refers to them as "images." The state refers to the items on appeal as "photographs." The statute broadly defines "pornographic works" as "any visual depiction, including any photograph . . . or computer-generated image . . . that . . . uses a minor to depict actual or simulated sexual conduct." Minn. Stat. § 617.246, subd. 1(f)(2)(i) (2014). "Photograph" connotes an image created by exposure of a photosensitive surface to light. *The American Heritage Dictionary of the English Language* 1329 (5th ed. 2011). The images involved here are not, strictly speaking, photographs. We therefore use either "images" or "pictures" to describe the items. "Picture" is defined as a visual representation rendered on a flat surface, *Id.* at 1335, which seems to encompass a computer-generated image on a computer monitor.

Appellant was charged with seven counts of possession of a pornographic work involving a minor in violation of Minn. Stat. § 617.247, subd. 4(a) (2014).[2]  The seven counts corresponded to the seven images, each of which was described and identified by the date and time that appellant received and viewed each image:  Count/Image 1 on November 9, 2012 at 3:57 p.m.; Count/Image 2 on December 2, 2012 at 4:27 a.m.; Count/Image 3 on December 9, 2012 at 5:49 p.m.; Count/Image 4 on December 14, 2012 at 5:41 p.m.; Count/Image 5 on March 5, 2013 at 6:32 p.m.; Count/Image 6 on April 28, 2013 at 5:25 p.m.; Count/Image 7 on June 4, 2013 at 8:19 p.m.

Appellant pleaded guilty to all seven counts.  Testifying under examination by the court, appellant admitted (1) receiving and viewing the images at the dates and times listed above, (2) that each image was of a different child, and (3) that he downloaded all of the involved images to his home computer.  The district court formally accepted appellant's pleas of guilty.  The district court then ordered appellant to undergo psychosexual and psychometric assessments before sentencing, and it scheduled a separate sentencing hearing.

The parties submitted written and oral arguments to the district court concerning sentencing.  Appellant then raised the issues he argues on appeal, namely double-jeopardy and that the charged offenses arose from a single behavioral incident.  After a two-day

---

[2] Minn. Stat. § 617.247, subd. 4(a) (2014), is unchanged from the 2012 version, under which appellant was convicted and sentenced.  The same is true of Minn. Stat. §§ 617.246, subd. 1(f)(2)(i) (2014) and 617.247, subd. 2(a) (2014), discussed below.

sentencing hearing, the district court sentenced appellant on all seven counts, as well as on separate and unrelated offenses of which a jury had convicted him.[3]

The district court rejected appellant's double-jeopardy and single-behavioral-incident arguments. To reject the double-jeopardy argument, the district court relied on the structure of Minn. Stat. § 617.247, subd. 4(a). Specifically, it noted that the statute prohibits possession of either (1) a computer containing a pornographic work or (2) a pornographic work itself. It concluded that each downloaded picture was a separate pornographic work. In finding separate behavioral incidents, and therefore imposing separate sentences for each conviction, the district court relied on the "significant evidence regarding each downloaded pornographic image . . . includ[ing] the date and time of the download, the names of the files, [and] . . . where [each] was saved." This appeal followed.

## ISSUES

I.     Did appellant forfeit his constitutional and statutory double-jeopardy arguments?

II.    Do appellant's convictions for seven counts of possession of child pornography violate Minn. Stat. § 609.04?

III.   Did the district court err when it concluded that the conduct underlying the seven offenses to which appellant pleaded guilty constituted separate behavioral incidents and sentenced appellant on seven separate counts of possession of child pornography?

---

[3] Appellant was convicted following a jury trial on the separate offenses of terroristic threats, gross misdemeanor domestic assault, and criminal damage to property in the fourth degree. These offenses took place on or about September 14, 2013, while the investigation in this case was pending.

4

## ANALYSIS

### I.  Appellant did not forfeit his constitutional and statutory double-jeopardy arguments.

The state argues that we should not reach the merits of either appellant's constitutional double-jeopardy argument or his argument concerning section 609.04 and its prohibition against convictions for primary and lesser-included offenses because appellant waived them.[4]  Specifically, the state argues that appellant waived any constitutional double-jeopardy argument by making a counseled guilty plea before raising the argument at the sentencing hearing.  The state also argues that appellant never raised section 609.04 and its prohibition against convictions for primary and lesser-included offenses.  Accordingly, the state maintains that we should only reach the merits of appellant's section 609.035 argument.

#### A.  Appellant preserved his constitutional double-jeopardy argument because the claim can be decided on the record as it existed at the time he pleaded guilty.

Concerning whether appellant forfeited his constitutional double-jeopardy argument by failing to assert his double-jeopardy challenge before pleading guilty while represented by counsel, Minn. R. Crim. P. 10.01, subd. 2, provides that a counseled defendant waives all non-jurisdictional defects by entering a guilty plea.  *State v. Jeffries*, 806 N.W.2d 56, 64

---

[4] The state's brief presents this argument as one of waiver.  The Minnesota Supreme Court has clarified that "waiver is the intentional relinquishment . . . of a known right."  *State v. Beaulieu*, 859 N.W.2d 275, 278, n.3 (Minn. 2015), (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770 (1993)).  Here, the absence of any double-jeopardy argument at the district court seems not to have been intentional or deliberate.  Forfeiture, unlike waiver, is a "failure to make a timely assertion of a right."  *Id.*  We analyze this case as one of possible forfeiture, and not of waiver.

(Minn. 2011). The Minnesota Supreme Court has yet to determine whether a defendant forfeits his double-jeopardy protections by failing to file a timely and proper pretrial motion to dismiss. *State v. Sahr*, 812 N.W.2d 83, 93 (Minn. 2012). In *Jeffries*, however, the supreme court noted that "a counseled guilty plea does not bar a defendant from raising a double-jeopardy claim on appeal if that claim can be decided on the existing record at the time the defendant pleads guilty." 806 N.W.2d at 65.

The state argues that *Jeffries* does not apply here. We disagree. The record of appellant's guilty plea is clear and sufficient to resolve this issue on appeal. The complaint described the seven digital images and detailed the dates and times that appellant downloaded each one. At the guilty-plea hearing, appellant admitted to the facts of the complaint, including the separate download dates and times. He now argues that, on these facts, he cannot constitutionally be sentenced on each count. Appellant did not forfeit his constitutional double-jeopardy argument.

**B.     By raising issues under Minnesota Statutes section 609.035 to the district court, appellant preserved his section 609.04 argument for appeal.**

The state also argues that appellant forfeited[5] any issue under Minn. Stat. § 609.04 because he failed to specifically raise the issue to the district court. Generally, "litigants are bound [on appeal] by the theory or theories . . . upon which the action was actually tried below[,]" *Annis v. Annis*, 250 Minn. 256, 262-63, 84 N.W.2d 256, 261 (1957), and an appellate court will not consider matters not argued to and considered by the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). We have held, however, that

---

[5] Again, the state's briefing argues waiver, but the question is more properly analyzed one of forfeiture. See note 4, *supra*.

arguments concerning section 609.04 are not forfeited when an appellant raises issues under section 609.035 to the district court because section 609.035 involves the same factual determination as does the application of section 609.04. *State v. Hodges*, 384 N.W.2d 175, 181-82 (Minn. App. 1986), *aff'd*, 386 N.W.2d 709 (Minn. 1986).

Here, despite appellant not specifically arguing to the district court that section 609.04 prohibits multiple convictions, he did raise section 609.035 in his sentencing brief. Therefore, under *Hodges*, we conclude that appellant did not forfeit his section 609.04 arguments.

## II. Section 609.04 is inapplicable to this case because none of the seven counts is an "included offense" of any other count.

Appellant argues that Minn. Stat. § 609.04 prohibits his conviction of more than one count of possession of a pornographic work involving minors. The issue presents a mixed question of fact and law that we review de novo. *State v. Wiernasz*, 584 N.W.2d 1, 3 (Minn. 1998). Section 609.04, subd. 1, provides that:

> Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both. An included offense may be any of the following:
>
> (1)  A lesser degree of the same crime; or
> (2)  An attempt to commit the crime charged; or
> (3)  An attempt to commit a lesser degree of the same crime; or
> (4)  A crime necessarily proved if the crime charged were proved; or
> (5)  A petty misdemeanor necessarily proved if the misdemeanor were proved.

Here, appellant was charged with seven counts of possession of a pornographic work involving a minor in violation of Minn. Stat. § 617.247, subd. 4(a). None of the

7

seven counts fits the statutory definition of an "included offense" under any other count. Each involved image was separately downloaded at a known date and time. No charged offense is a lesser degree of any other charged offense, nor does proof of any charge necessarily prove any other charge. Therefore, the facts and legal basis of appellant's convictions do not support his argument. Section 609.04 is inapplicable to this case.

**III.** **The district court did not err in concluding that appellant's possession of individual images of child pornography constituted separate behavioral incidents, where each was separately downloaded and stored on appellant's computer drive.**

Appellant's remaining arguments are that his convictions and multiple sentences violate his constitutional double-jeopardy rights and/or Minn. Stat. § 609.035. The state urges us to avoid the constitutional double-jeopardy question and resolve this case exclusively through section 609.035.

The supreme court has held that courts should "avoid a constitutional ruling if there is another basis on which a case can be decided." *State v. Bourke*, 718 N.W.2d 922, 926 (Minn. 2006). The legislature adopted section 609.035 "to broaden the protection afforded by our constitutional provisions against double jeopardy." *State v. Johnson*, 273 Minn. 394, 400, 141 N.W.2d 517, 522 (1966). Specifically, section 609.035 solidifies a person's double-jeopardy protections against multiple punishments for the same offense. *See Jeffries*, 806 N.W.2d at 60-61 (Minn. 2011) (noting one aspect of double-jeopardy rights is protection against multiple punishments for the same offense); *State v. Huynh*, 504 N.W.2d 477, 483 (Minn. App. 1993) (referring to section 609.035 as "Minnesota's 'double jeopardy' statute," the purpose of which is "to eliminate multiple . . . punishments").

Against this backdrop, we agree with the state that section 609.035 encompasses appellant's constitutional double-jeopardy protections against multiple punishments for the same offense. We therefore analyze the statutory protection, which is broader than the constitutional protection.

**A.     Each digital image on a computer drive is a separate pornographic work under Minn. Stat. § 617.247, subd. 4(a).**

Under section 609.035, we first consider the defined criminal conduct. Section 617.247, subd. 4(a), provides that "[a] person who possesses a pornographic work *or* a . . . computer . . . containing a pornographic work, knowing or with reason to know its content and character, is guilty of a felony." (Emphasis added.) Because he possessed the child pornography in digital form, appellant urges us to read section 617.247, subd. 4(a), as criminalizing only the possession of a computer containing pornographic works. He argues that possession of a computer drive containing multiple individual images or pictures in digital form is a single offense. Appellant argues that, under the statute, the state's argument improperly divides his single continuing offense—possessing a computer containing pornographic works involving minors—into seven criminal charges. The state counters that a plain reading of this disjunctive statute prohibits possession of any single pornographic work involving a minor, and also prohibits the possession of a computer or other storage system containing a pornographic work involving a minor.

Appellant cites cases from Iowa, Kansas, and New Mexico to support his reading of the statute. Because those cases are extra-jurisdictional, we afford them little weight. *See Wajda v. Kingsbury*, 652 N.W.2d 856, 862 (Minn. App. 2002) (declining to find extra-

jurisdictional cases persuasive when those cases do not express the law in Minnesota and Minnesota appellate courts have not previously cited those cases). And, critically, the cited cases involve statutes worded differently than Minnesota's statute. For example, the Iowa Supreme Court specifically contrasted Minn. Stat. § 617.247, subd. 4(a), with Iowa Code § 728.12(3), which criminalizes possession of a computer or "other print or visual medi[a]," but does not criminalize possession of an individual "pornographic work." *State v. Muhlenbruch*, 728 N.W.2d 212, 215-16 (Iowa 2007). Using dictionary definitions, the Iowa court determined that "medium" means "the instrumentality of expression rather than the expression itself," or an "object or device . . . on which data is stored." *Id.* at 214 (citations omitted). The Kansas Court of Appeals likewise emphasized that Kan. Stat. Ann. § 21-3516(a)(2) (2000) criminalized possession of a "printed or visual medium." *State v. Donham*, 24 P.3d 750, 754 (Kan. Ct. App. 2001). The court analyzed the term "medium" in the same manner as the Iowa Supreme Court. The New Mexico Supreme Court applied the rule of lenity in interpreting N.M. Stat. Ann. § 30-6A-3(A) because the modifier "any" in the New Mexico statute made the legislature's intended unit of prosecution ambiguous. *State v. Olsson*, 324 P.3d 1230, 1234-35 (N.M. 2014).

Read closely, these foreign cases support the state's reading of Minnesota's statute, expressly prohibiting possession of *either* a "pornographic work" *or* "a computer . . . containing a pornographic work." Minn. Stat. § 617.247, subd. 4(a). Although the state could have charged appellant's possession of a computer drive containing child pornography as a single count, it also could and did charge multiple counts for distinct pornographic works stored on a single computer drive.

Minn. Stat. § 617.247, subd. 2(a), provides that "'pornographic work' has the meaning given to it in section 617.246." Minn. Stat. § 617.246, subd. 1(f)(2)(i), provides that "'pornographic work' means . . . any visual depiction, including any photograph . . . or computer-generated image . . . that . . . uses a minor to depict actual or simulated sexual conduct." Despite the images on appellant's computer drive being stored in digital form, each digital file was "a visual depiction" and a "computer-generated image." Each was, therefore, a separate "work."

Minnesota caselaw applying the statute also supports this interpretation of "pornographic work" and "computer-generated image." *See generally State v. Cannady*, 727 N.W.2d 403 (Minn. 2007) (affirming 23 convictions for possession of child pornography on a single computer); *State v. McCauley*, 820 N.W.2d 577 (Minn. App. 2012) (affirming 20 convictions for possession of child pornography on a single computer), *review denied* (Minn. Oct. 24, 2012); *State v. Rhoades*, 690 N.W.2d 135 (Minn. App. 2004) (affirming five convictions for possession of child pornography on a single computer). Although none of these cases have expressly held that each digital image on a computer is a separate pornographic work, each case affirmed multiple convictions relying on an interpretation of the statute as authorizing the state to charge multiple counts for possession of multiple pornographic works stored on a single computer.

We hold that each digital image on a computer drive is a separate pornographic work under Minn. Stat. § 617.247, subd. 4(a).

**B.** **Appellant's conduct constituted separate behavioral incidents because appellant downloaded the individual files containing images of child pornography on distinctly different dates with a broad criminal objective.**

Having concluded that Minnesota's possession-of-child-pornography statute criminalizes possession of individual child-pornography images despite the storage of those images on a single computer drive, we next consider whether the seven counts charged in this case constitute separate behavioral incidents. Appellant pleaded guilty to downloading the images on different dates and times, and as a result, the facts are not in dispute. When the facts are not in dispute, the decision whether multiple offenses are part of a single behavioral incident presents a question of law, and is reviewed de novo. *State v. Ferguson*, 808 N.W.2d 586, 590 (Minn. 2012).

Section 609.035, subd. 1, provides that, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." "Whether two acts are part of a single course of conduct depends on the facts of the particular case." *State v. Hawkins*, 511 N.W.2d 9, 13 (Minn. 1994). In reviewing whether multiple offenses arise from a single behavioral incident under section 609.035, we consider "the factors of [a unity of] time and place and whether a defendant is motivated by a single criminal objective." *State v. Bookwalter*, 541 N.W.2d 290, 294 (Minn. 1995). The state has the burden to show by a preponderance of the evidence that the conduct underlying the offenses arose from multiple behavioral incidents. *State v. Williams*, 608 N.W.2d 837, 841-42 (Minn. 2000); *see, e.g.*, *State v. Bertsch*, 707 N.W.2d 660, 666 (Minn. 2006) (noting that the state failed to show that the possession of child

12

pornography offenses "took place at significantly different times or with significantly different criminal objectives").

Appellant's unity-of-time-and-place argument again relies on an incorrect reading of section 617.247, subd. 4(a), as criminalizing only the possession of his computer, rather than the individual files or pictures. Using that reading as the basis of his argument, appellant argues that his "possession was continuous and uninterrupted," and took place exclusively in his home. But the conduct underlying appellant's offenses is his possession of the individual pictures, as discussed. Although the offenses share a unity of place—appellant's computer—appellant admitted under oath during his plea to downloading the pictures on seven different dates over the course of seven months. Therefore, under the *Bookwalter* unity-of-time-and-place factor, appellant's conduct involved separate behavioral incidents.

Appellant next argues that personal sexual gratification motivated his collection of the images—fulfilling the *Bookwalter* single-criminal-objective factor. The "personal sexual gratification" objective is similar to "motivation by perverse sexual desire," which we have held to be too broad of a criminal objective to meet the single-criminal-objective factor when there are multiple instances of sexual contact with a juvenile. *State v. Secrest*, 437 N.W.2d 683, 685 (Minn. App. 1989), *review denied* (Minn. May 24, 1989). *Secrest* relied in part on *State v. Eaton*, in which the supreme court determined that the objective of swindling money was too broad to be a single objective when the defendant planned and executed thefts of two different checks at two separate times. 292 N.W.2d 260, 267 (Minn. 1980) Appellant's actions here are comparable. He received multiple images

depicting child pornography on different dates and times over the course of seven months. Therefore, his criminal goal of collecting child pornography for personal sexual gratification is too broad to be a single criminal goal.

Under the *Bookwalter* single-criminal-objective test, appellant's actions in acquiring multiple works of child pornography on distinct dates are separate behavioral incidents. Appellant's multiple sentences do not violate section 609.035.

## D E C I S I O N

In sum, the district court correctly ruled that, under Minn. Stat. § 617.247, subd. 4(a), each digital image possessed by appellant on his computer drive and depicting child pornography is a separate "pornographic work." And the district court did not err in sentencing appellant for possession of seven separate pornographic works involving minors, because the state proved on this record that appellant's offenses arose from separate behavioral incidents.

**Affirmed.**