*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1897**

State of Minnesota,
Respondent,

vs.

Joseph Benjamin Klanderud,
Appellant.

**Filed October 31, 2016
Affirmed in part, reversed in part, and remanded
Stauber, Judge**

Isanti County District Court
File No. 30CR15237

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Deanna N. Natoli, Assistant County Attorney, Cambridge, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy R. Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Stauber, Presiding Judge; Schellhas, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

        On appeal from his convictions of two counts of first-degree criminal sexual

conduct, appellant argues that the district court erred by (1) convicting and sentencing

him on both counts because they arose from the same behavioral incident and (2) imposing a lifetime conditional-release term. We affirm in part because the two offenses did not arise out of the same behavioral incident. But we reverse in part and remand because the district court erred by imposing a lifetime conditional-release term.

## FACTS

In April 2015, appellant Joseph Klanderud was charged with six counts of first-degree criminal sexual conduct, three counts in violation of Minn. Stat. § 609.342, subd. 1(a) (2014), and three counts in violation of Minn. Stat. § 609.342, subd. 1(g) (2014). The complaint alleged that at the time of the offenses, appellant was living with his sister and her daughter, A.B.C. The complaint also alleged that between December 1, 2014, and March 25, 2015, appellant engaged in a sexual relationship with A.B.C., who was 11 or 12 years old at that time.

Appellant pleaded guilty to count I of the complaint, first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(a), and count IV of the complaint, first-degree criminal sexual conduct under Minn. Stat. § 609.342, subd. 1(g). Consistent with the terms of the plea agreement, appellant's sentence was Hernandized, and he was sentenced to 168 months on count I, and a concurrent term of 180 months on count IV. The district court also imposed a lifetime conditional-release term. This appeal followed.

## D E C I S I O N

## I.

By statute, a criminal defendant "may be convicted of either the crime charged or an included offense, but not both." Minn. Stat. § 609.04, subd. 1 (2014). An "included offense" means any of the following:

> (1)    A lesser degree of the same crime; or
>
> (2)    An attempt to commit the crime charged; or
>
> (3)    An attempt to commit a lesser degree of the same crime; or
>
> (4)    A crime necessarily proved if the crime charged were proved; or
>
> (5)    A petty misdemeanor necessarily proved if the misdemeanor charge were proved.

*Id.*, subd. 1(1)-(5). Section 609.04 also forbids "multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985) (stating that where two convictions arising out of a single behavioral incident are formally adjudicated, section 609.04 should be applied to vacate one of the formally adjudicated convictions). And unless a statutory exception applies, "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." Minn. Stat. § 609.035, subd. 1 (2014). The purposes of Minn. Stat. § 609.04 (2014) and Minn. Stat. § 609.035 (2014) are to protect the defendant from multiple sentences and multiple prosecutions and to ensure that "punishment will be commensurate with the criminality

of defendant's conduct." *State v. Williams*, 608 N.W.2d 837, 841 (Minn. 2000) (quotation omitted).

Appellant argues that the district court erred by convicting and sentencing him on both counts of first-degree criminal sexual conduct because the multiple convictions violate Minn. Stat. § 609.04, subd. 1, and the multiple sentences violate Minn. Stat. § 609.35. This argument turns on whether the two offenses involved the same behavioral incident.[1] Whether multiple offenses form a single behavioral act is a question of fact, which we review for clear error. *State v. Grampre*, 766 N.W.2d 347, 353 (Minn. App. 2009), *review denied* (Minn. Aug. 26, 2009). "But where the facts are established, the determination is a question of law subject to de novo review." *Id.* at 354 (quotation omitted). The state has the burden of proving by a preponderance of the evidence that the actions underlying multiple offenses did not occur as part of a single behavioral incident or course of conduct. *State v. McCauley*, 820 N.W.2d 577, 591 (Minn. App. 2012), *review denied* (Minn. Oct. 24, 2012).

"Whether multiple offenses arose out of a single behavior[al] incident depends on the facts and circumstances of the particular case." *State v. Bookwalter*, 541 N.W.2d 290, 294 (Minn. 1995). In criminal-sexual-conduct cases, the criteria for determining whether offenses arose out of a single behavioral incident include: (1) whether the conduct involved was motivated by a desire to obtain a single criminal objective and (2) whether

---

[1] "Legal authorities use the terms 'single course of conduct' and 'single behavioral incident' interchangeably." *State v. Mitchell*, 881 N.W.2d 558, 563 n.2 (Minn. App. 2016), *review denied* (Minn. Aug. 23, 2016).

the offenses occurred at substantially the same time and place, arose in a continuous and uninterrupted course of conduct, and manifested an indivisible state of mind. *State v. Secrest*, 437 N.W.2d 683, 685 (Minn. App. 1989), *review denied* (Minn. May 24, 1989).

In *State v. McLemore*, 351 N.W.2d 927, 928 (Minn. 1984), the supreme court concluded that three acts of sexual contact with a child that occurred over the course of a weekend were not part of a single behavioral incident despite the unity of place and the relatively short time period. Likewise, the supreme court concluded that two incidents of sexual contact with the same victim occurring five hours apart but in the same place, were not a part of the same behavioral incident, reasoning that "neither act bore any essential relationship to the other." *State v. Stevenson*, 286 N.W.2d 719, 720 (Minn. 1979). The supreme court commented, "[T]he underlying purpose of [Minn. Stat.] § 609.035 is to prevent punishment which is disproportionate to the culpability of the defendant. Here, we are satisfied that multiple punishment of defendant is not barred by the statute and is consistent with the purpose of the statute." *Id.* Thus, as the supreme court has concluded in previous cases, although there may be unity of time and place between multiple offenses, they do not necessarily arise out of the same behavioral incident. *See Bookwalter*, 541 N.W.2d at 295 (holding that sexual assault and attempted murder were not part of a single behavioral incident where they occurred in or near the victim's vehicle at two distinct times and places, and that a single common criminal objective failed to underlie both offenses); *see also Stevenson*, 286 N.W.2d at 720; *State v. Krampotich*, 282 Minn. 182, 187-88, 163 N.W.2d 772, 776 (1968) (holding that several crimes were not part of a single behavioral incident where, although all the crimes

5

occurred during the same evening, the contact period extended two and one-half hours, and, although all the crimes occurred in or by the victim's automobile, the automobile itself was moved from place to place); *but see State v. Herberg*, 324 N.W.2d 346, 349 (Minn. 1982) (holding that two incidents of first-degree criminal sexual conduct committed against the same victim, separated by both time and place, arose out of a single behavioral incident because the defendant's motivation in both incidents was "to satisfy his perverse sexual needs").

Here, appellant pleaded guilty to count I, first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(a), which prohibits sexual penetration or contact with another person if the complainant is under 13 years of age and the actor is more than 36 months older than the complainant. Appellant also pleaded guilty to count IV, first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(g), which prohibits sexual penetration with another person where the actor has a significant relationship with the complainant and the complainant was under 16 years of age at the time of the penetration. At appellant's plea hearing, the following exchange occurred between appellant and the prosecutor to establish the factual basis for these offenses:

> Prosecutor: Did you have sexual intercourse with [A.B.C.]?
> Appellant: Yes.
> Prosecutor: That consisted of you putting your penis inside her vagina; is that correct?
> Appellant: Yes.
> Prosecutor: Did that happen on more than one occasion?
> Appellant: Yes.
> Prosecutor: I believe you indicated it happened . . . approximately six times; is that accurate?
> Appellant: (No response).

6

It is undisputed that appellant was convicted and sentenced for both offenses.

Appellant argues that he cannot be convicted of both offenses because the "two counts to which he pleaded guilty both alleged identical timeframes involving identical sexual conduct with a single victim." We acknowledge that both counts for which appellant pleaded guilty alleged that the offenses occurred between December 1, 2014, and March 25, 2015. But appellant's admission that the sexual intercourse with A.B.C. occurred "on more than one occasion" is sufficient to establish that appellant's two convictions are not based upon a single behavioral incident. The word "occasion," in its plain meaning and use, indicates separate incidents. *See Random House Webster's Unabridged Dictionary* 1339 (2d ed. 1998) (defining "occasion" as "as marked by certain circumstances or occurrences"). Thus, appellant's admission that the sexual intercourse occurred on "more than one occasion" indicates two distinct acts that are separated in time. Moreover, appellant's admission that the sexual intercourse happened "on more than one occasion" indicates the accomplishment of multiple criminal-sexual-conduct offenses because they did not arise out of a continuous and uninterrupted course of events. *See Secrest*, 437 N.W.2d at 685 (stating that an offense consists of a single course of conduct if the conduct involved is "motived by a desire to obtain a single criminal objective" and the offenses occur at "substantially the same time and place, arise in a continuous and uninterrupted course of conduct and manifest an indivisible state of mind"). And further support for the conclusion that the offenses are not part of the same behavioral incident is demonstrated by the fact that each offense can be explained without necessary reference to the other. *See State v. Marchbanks*, 632 N.W.2d 725, 731 (Minn. App. 2001) (stating that offenses are not part of

7

the same course of conduct if each offense can be explained without necessary reference to the other). Although a more specific factual basis that developed the specific instances of sexual contact would have been helpful, the existing factual basis is sufficiently specific to establish that the offenses did not arise from the same behavioral incident. Therefore, the district court did not err by convicting and sentencing appellant for both counts of first-degree criminal sexual conduct.

## II.

Appellant challenges the district court's imposition of a lifetime conditional-release term under Minn. Stat. § 609.3455 (2014).[2] Minnesota law provides that when the district court commits an offender to the custody of the commissioner of corrections for a violation of first-degree criminal sexual conduct, the "court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years." Minn. Stat. § 609.3455, subd. 6. Conversely, an offender who has a "previous or prior sex offense conviction" is generally subject to a mandatory lifetime conditional-release term. Minn. Stat. § 609.3455, subd. 7. An offender has a "prior sex offense conviction" if the "offender was convicted of committing a sex offense before the offender has been convicted of the present offense,

---

[2] The state contends that because appellant did not raise the lifetime conditional-release issue in district court, he has waived the issue. Generally, this court will not consider matters not argued and considered in the district court. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). But a defendant's right to appeal a sentence may not be waived. *See State v. Williams*, 664 N.W.2d 432, 434 (Minn. App. 2003) (waiver of a defendant's right to appeal a sentence is invalid), *review denied* (Minn. Sept. 24, 2003). Moreover, we may address any issue as justice requires. Minn. R. Civ. App. 103.04.

8

regardless of whether the offender was convicted for the first offense before the commission of the present offense, and the convictions involved separate behavioral incidents." *Id.*, subd. 1(g). "Conviction" is defined as "any of the following accepted and recorded by the court: (1) a plea of guilty; or (2) a verdict of guilty by a jury or a finding of guilty by the court." Minn. Stat. § 609.02, subd. 5 (2014).

Appellant argues that the district court "simultaneously" convicted him of the two criminal-sexual-conduct offenses rather than one conviction occurring immediately after the other. Appellant argues that under these circumstances, he was never convicted of any prior or previous sexual offense and, therefore, he should only be sentenced to the ten-year conditional-release period.

The issue raised by appellant involves the interpretation of Minn. Stat. § 609.3455, which is an issue of law that is subject to de novo review. *See Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013) (stating that statutory interpretation is a question of law that is subject to de novo review). The goal of statutory interpretation is to ascertain the legislature's intent. *State v. Rick*, 835 N.W.2d 478, 482 (Minn. 2013). Courts will interpret a statute according to its plain meaning without considering the canons of statutory construction "[i]f the [l]egislature's intent is clear from the statute's plain and unambiguous language." *Id.* "But, if a statute is susceptible to more than one reasonable interpretation, then the statute is ambiguous and [courts] may consider the canons of statutory construction to ascertain its meaning." *Id.*

The supreme court recently discussed section 609.3455 in *State v. Nodes*, 863 N.W.2d 77 (Minn. 2015). Similar to this case, *Nodes* involved an offender who had

9

never before been convicted of a sex offense and who pleaded guilty to two sex offenses at the same hearing. *Id.* at 78-79. During sentencing, the district court stated:

> I will now formally accept the pleas, and on count one adjudicate him guilty of criminal sexual conduct in the first degree, a felony, in violation of Minnesota Statute 609.432, subd. 1(a) and subd. 2(a), on or about February 26, 2013, and also on count three, criminal sexual conduct in the second degree, a felony, in violation of Minnesota Statute 609.343, subd. 1(a) and subd. 2(a) on or about March 19, 2013.

*Id.* at 79. The supreme court concluded that "[a] defendant who, in a single hearing, is convicted of two sex offenses, one immediately after the other, each arising out of separate behavioral incidents, has a 'prior sex offense conviction' under Minn. Stat. § 609.3455." *Id.* at 77. In so concluding, the supreme court emphasized that "[a]s long as one conviction is entered before the second, it is a 'prior conviction' under the plain language of [Minn. Stat. § 609.3455]." *Id.* at 82. The court held that at the time the judge accepted the guilty plea on count one, the defendant was "convicted" and thus, even though the passage of time between the conviction of count one and count two was slight, the defendant had a prior conviction under Minn. Stat. § 609.3455 and was sentenced to lifetime conditional release. *Id.* at 81.

Appellant argues that *Nodes* does not control here because that case did not "address the question of how two convictions should be treated when they were entered simultaneously, rather than sequentially." We agree. After the factual basis for appellant's plea was stated on the record, the district court made the following finding: "[The] Court does find you've knowingly and voluntarily waived your rights. There is a sufficient factual basis for your plea to Count 1 and Court 4. Pleas are accepted.

10

Judgment of guilt will be entered." Unlike *Nodes*, appellant's convictions were not entered sequentially. Instead, the district court accepted both pleas simultaneously.

The state argues that the district court's purported acceptance of appellant's guilty pleas at the plea hearing was actually an "off-the-cuff" remark and that appellant's pleas were not actually accepted until the sentencing hearing. In making this argument, the state emphasizes that in *Nodes*, the "formal acceptance of the plea did not occur at the plea hearing but, instead, at sentencing." But the Minnesota Rules of Criminal Procedure provide that a district court "*may* postpone its acceptance or rejection [of a guilty plea] until it has received the results of a pre-sentence investigation." Minn. R. Crim. P. 15.04, subd 3 (emphasis added). Because the pre-sentence investigation results would not be received until after the plea hearing and before the sentencing hearing, it is not uncommon for a district court to wait until sentencing to accept a guilty plea. Consequently, the fact that the district court in *Nodes* accepted the defendant's guilty plea at the sentencing hearing does not support the state's position that the district court accepted appellant's guilty pleas at the sentencing hearing. Instead, the record unambiguously shows that at the plea hearing, appellant's pleas were accepted and judgment of guilt was entered. The record also clearly shows that the pleas and adjudications were accepted simultaneously. Therefore, appellant had no previous or prior convictions at the time he was sentenced.

Because appellant had no previous or prior convictions at the time he was sentenced, the district court erred by imposing a lifetime conditional release on appellant.

11

Accordingly, we reverse and remand to the district court for imposition of a ten-year conditional-release period on each offense.

**Affirmed in part, reversed in part, and remanded.**